G. Raymond TRISLER, Appellant–
Defendant, Counter–Plaintiff and
Third–Party Plaintiff,

v.

EXECUTIVE BUILDERS, INC., an
Indiana Corporation, Appellee–Plaintiff
and Counter–Defendant,

and

Robert Montgomery and Delores
Montgomery, Third–Party
Defendants.

No. 73A01–9407–CV–234.

Court of Appeals of Indiana,
First District.

March 8, 1995.

Transfer Denied July 10, 1995.

Michael E. Simmons, Hume, Smith, Ged-
des & Green, Indianapolis, for appellant.

Timothy L. Bookwalter, Greencastle, for
appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

G. Raymond Trisler appeals from the trial court's order granting Executive Builders, Inc.'s motion to correct error and to vacate the court's summary judgment in favor of Trisler on Executive Builders' complaint for intentional interference with business. The trial court granted Executive Builders' motion more than four years after it had entered summary judgment on behalf of Trisler and exactly three years after the last written extension of time in which to rule had expired.

We reverse and remand.

### ISSUE

Trisler presents two questions for our review, which we restate as one dispositive issue: whether the trial court erred when it granted Executive Builders' motion to correct error and vacated the court's earlier summary judgment it had entered in favor of Trisler.

### FACTS

At some time prior to August of 1983, Greenwood Development Corporation began to develop a 60–lot residential housing community known as Cielo Vista in Johnson County. On August 31, 1983, because of financial difficulties, the Cielo Vista property was sold to Union Federal Savings & Loan Association. Thereafter, on June 13, 1985, Union Federal sold the Cielo Vista development property to Executive Builders, which sought to renew construction and to reactivate the Cielo Vista Homeowner's Association. The Homeowner's Association had ceased activity after the property was originally sold.

At the time Executive Builders bought Cielo Vista, 17 of the 60 lots had been sold. G. Raymond Trisler owned three of the 17 lots and was a member of the Homeowner's Association. Delores and Robert Montgom-ery also owned a unit at Cielo Vista and, in fact, were the principal partners in Executive Builders. In June or July of 1985, Trisler attempted to revive the Association by having another Cielo Vista homeowner, Joe Kern, file an annual corporate report in the Indiana Secretary of State's Office. When Delores Montgomery learned of Trisler's actions, she immediately undertook to amend the Homeowner's Association's corporate documents to "properly reflect" the Association's corporate status "as viewed by Executive Builders." Executive Builders then ap-. pointed and/or elected a "purported" new Board of Directors and Officers for the Homeowner's Association.

Thereafter, certain disagreements arose between the parties, including Executive Builders, Trisler, the Montgomerys, Union Federal, the Homeowner's Association and other members of the Association. Eventually, there were three lawsuits filed between June of 1987 and January of 1988. The first suit was filed by Executive Builders against Union Federal, in which the Homeowner's Association joined as plaintiffs, and alleged that Union Federal committed fraud in the foreclosure of a mortgage on the Cielo Vista project. The second action was brought by Executive Builders against Trisler for intentional interference with business. This is the case now before us on appeal.[1] In his answer to Executive Builders' complaint, in addition to a number of affirmative defenses, Trisler filed a counterclaim against Executive Builders and a third-party complaint against the Montgomerys. The third suit was filed by Trisler and other Cielo Vista unit owners against the Homeowner's Association and its Board of Directors. This final action challenged the Association's legal organization and ability to file certain assessment liens against the homeowners.[2] Each lawsuit was subsequently venued to the Shelby Circuit Court.

Shortly thereafter, Trisler filed his motion for summary judgment in the 057 case on Executive Builders' complaint for intentional interference with business. The trial court held a hearing on Trisler's motion, as well as

---

1. We will refer to this action by its cause number as the "057 case."

2. We will refer to this action by its cause number as the "113 case."

on other pending motions and, on February 21, 1990, issued its findings of fact, conclusions of law and the following judgment, which states in pertinent part:

1. There exists no genuine issue of material fact and Defendant G. Raymond Trisler is entitled to Judgment as a matter of law against Plaintiff Executive Builders, Inc., upon Plaintiff's Complaint.

2. There being no just reason for delay, the court now enters judgment for Defendant, G. Raymond Trisler, and against Plaintiff, Executive Builders, Inc., on Plaintiff's Complaint.

3. The motion to Dismiss Counts I, II and VII of Defendant's Counterclaim and Third–Party Complaint is denied.

4. The Motion for More Definite Statement filed by Counter Defendant and Third–Party Defendant is granted. Third–Party Plaintiff and Counterclaimant shall have twenty (20) days to file more definite statements for his claims under Counts I, II and VII of his Counterclaim and Third–Party Complaint.

Record at 1625–26.

On August 30, 1990, after the trial court had entered summary judgment for Trisler on Executive Builders' complaint, and after Builders' had filed its motion to correct error and to vacate the judgment, the trial court heard argument and took the matter under advisement. However, prior to the expiration of the 30–day period in which to rule the trial court, sua sponte, requested from the Indiana Supreme Court an extension of time to act on Builders' motions in both the 057 case and the 113 case. The extension was granted for an additional 30 days, "to and until October 30, 1990." Record at 1644.

On October 29, before the trial court could rule within the extended 30–day period, the parties entered into the following written stipulation in the 057 case:

the time limitation within which to rule pursuant to Trial Rule 53.1 in re any matter heard and taken under advisement on August 30, 1990, in the above matter should be extended to and including November 30, 1990.

Record at 1645. Then, in a series of similarly written stipulations entered into by the parties each month thereafter, the time within which the trial court had to rule on the 057 case was extended until the last such extension expired on March 31, 1991. The parties did not file any further written extensions and the court did not request one from the supreme court on the 057 case.

Ten months later, on January 30, 1992, the trial court's docket sheets in the 113 case reflect that the parties commenced a number of telephonic conferences which were conducted approximately every two months. After each conference, the docket reflects that "[c]ounsel agree that Court may hold pending matter under advisement." The last conference was held on February 15, 1994, after which the court's docket sheet provides that the "[c]ourt will rule on pending Motions to Correct Errors within 30 days." The order book entries in the 057 case are silent during this same period.

On March 31, 1994, more than four years after it had entered summary judgment in favor of Trisler, and exactly three years after the last written extension of time expired, the trial court ruled as follows on Executive Builders' motion to correct error and to vacate judgment in the 057 case:

The Court, having previously heard argument on Plaintiff's Motion to Vacate Court's Judgment of February 21, 1990, and to Correct Errors and Third Party Defendant's Motion to Dismiss Amended Third Party Complaint and having taken these matters under advisement, now:

1. Grants Plaintiff's Motion to vacate Court's Judgment of February 21, 1990, and to Correct Errors. The court's Findings of Fact and Judgment entered on February 21, 1990, are hereby vacated and set aside.

2. Denies Third Party Defendant's Motion to Dismiss Amended Third Party Complaint.

Any motion filed on and after September 4, 1990, which needs to be heard will be set for hearing upon request.

Record at 1650–51. That same day, the trial court ordered the parties in the 057 case to attempt mediation, which the parties com-

plied with during August and September of 1994 while this appeal ensued.

## DISCUSSION AND DECISION

Trisler contends the trial court erred when, more than four years after it had granted summary judgment in his favor, the court granted Executive Builders' motion to correct error and vacated its February 21, 1990 judgment. Specifically, Trisler asserts that the trial court's action was a nullity because Builders' motion to correct error should have been automatically deemed denied when the court failed to rule on it within the prescribed period of time under Trial Rule 53.3, as extended by the supreme court and the parties' written stipulations. We agree with Trisler.

■ Motions to correct error are governed by Trial Rule 53.3, the "lazy judge" rule. That rule provides that a motion to correct error "shall be deemed denied" if a trial judge fails to rule upon it "within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required...." Ind.Trial Rule 53.3(A). "This denial is automatic; it is 'self-activating upon the passage of the requisite number of days.'" *Remington Freight Lines, Inc. v. Larkey* (1994), Ind.App., 644 N.E.2d 931, 936 (quoting *Jackson v. Paris* (1992), Ind.App., 598 N.E.2d 1106, 1107, *trans. denied*).

■ Pursuant to Trial Rule 53.3(B), the 30 day period within which to rule upon a motion to correct error may be extended for additional periods of time under three circumstances:

(1) The party has failed to serve the judge personally; or

(2) The parties who have appeared or their *counsel stipulate or agree on record that the time limitation for ruling set forth under Section (A) shall not apply;* or

(3) *The time limitation for ruling has been extended by Section (D) of this rule.*

(Emphases added). Hence, while the parties may stipulate to ongoing extensions, Section (D) also allows a trial court, sua sponte, to extend its time period for ruling upon a motion to correct error by an additional 30-day period, or "upon application to the Supreme Court as set forth in Trial Rule 53.1(D)," for further 30-day periods.

In the present case, the trial court held a hearing on Executive Builders' motion to correct error on August 30, 1990. Before the original 30-day period expired, the trial court requested an extension from the Indiana Supreme Court "to and including October 30, 1990," pursuant to T.R. 53.3(B)(3) and (D). Although that request was granted, the trial court again did not rule within the requisite period. Instead, on October 29, the parties entered into the first in a series of written stipulations pursuant to T.R. 53.3(B)(2) set out above, which again extended the time within which the court had to rule on Executive Builders' motion to correct error. The last extension of time stipulated to by the parties expired on March 31, 1991, without the trial court having ruled on Builders' motion.

■ Executive Builders contends that because the trial court requested and the supreme court granted a 30-day extension of time, the self-activating and automatic denial provided for by Section (A) of the rule was not in effect. Builders argues that there is "no provision in the rules of trial procedure whereby a litigant may default a trial court for not timely ruling on a Motion, and conversely a litigant cannot be penalized by opposing counsel for a default on the part of the trial court over which neither party had any control." Brief of Appellee at 17. We do not agree.

■ In *Remington Freight Lines,* we examined T.R. 53.3 and addressed whether the passage of a 30-day extension without the court's ruling may also be a self-activating and automatic denial of a motion to correct error. "Though the trial court may allow for additional time for its ruling," we stated, "those thirty days are yet confined by the mandates of 53.3(A)." *Remington Freight Lines,* 644 N.E.2d at 936. Thus, contrary to Executive Builders' argument on appeal, we have previously held that "the consequences of a trial court's failure to rule upon a motion to correct error within an extension are identical to those which occur where no extension has been granted." *Id.* Indeed, "[o]nce out-

side the ... extension, the trial court has no power to rule upon the motion, and any ruling thereafter is a nullity." *Id.*

■ Nevertheless, Executive Builders maintains that because Trisler failed to follow the provisions of T.R. 53.1 and, instead, "embarked on a course of ... repetitive stipulations" and "participated in telephonic settlement conferences," the automatic denial provisions of the trial rule were suspended so that the trial court's time to rule on the motion to correct error was extended indefinitely. *See* Brief of Appellee at 19. Therefore, Executive Builders argues, Trisler acquiesced in the trial court's power to hold the motion "under advisement" between March 31, 1991 and 1994, and to rule on the motion and vacate its earlier summary judgment in Trisler's favor. Builders' contention has no merit.

■ By the mandate of T.R. 53.3, the trial court's failure to rule on Executive Builders' motion on or before March 31, 1991, constituted an automatic and self-executing denial of that motion. *See id.* Accordingly, except to the extent that Section (D) controls extensions granted by the supreme court as discussed above, the provisions of T.R. 53.1 cited by Executive Builders do not apply here. Further, Trisler's participation in conference calls beginning in January of 1992, which were documented by the court only on its docket sheet in the 113 case, do not amount to stipulations for an extension to rule on the 057 case. *See State Farm Mut. Auto. Ins. Co. v. Glasgow* (1985), Ind.App., 478 N.E.2d 918, 924 (it is well-settled that a court of record speaks only through its order book entries).

■ Rather, when the parties' final written stipulation expired on March 31, 1991, Executive Builders was required to proceed "by filing the praecipe under Appellate Rule 2(A) within thirty (30) days after the Motion to Correct Error [was] deemed denied." Ind.Trial Rule 53.3(A). Because Executive Builders did not timely file its praecipe by April 30, 1991, its right to appeal the grant of summary judgment in favor of Trisler was forfeited. *See* Ind.Appellate Rule 2(A). Moreover, the trial court's failure to rule upon Executive Builders' motion to correct error within the extended time period granted by the supreme court and stipulated to by the parties, extinguished the court's "power to rule upon the motion." *Remington Freight Lines*, 644 N.E.2d at 936.

We hold that the trial court's March 31, 1994 order was a nullity and without effect. *See id.; Jackson*, 598 N.E.2d at 1107–08. Thus, the court's order granting Executive Builders' motion to correct error and vacating its earlier summary judgment was void and must be reversed. Further, we remand to the trial court with instructions to reinstate its findings, conclusions and judgment entered on February 21, 1990, in favor of Trisler.

Reversed and remanded with instructions.

BAKER and CHEZEM, JJ., concur.