**Robert L. MONTGOMERY, Appellant–Third–Party Defendant,**

and

**Executive Builders, Inc., an Indiana Corporation, Plaintiff and Counter–Defendant,**

and

**Dolores Montgomery, Third–Party Defendant,**

v.

**G. Raymond TRISLER, Appellee, Defendant, Counter–Plaintiff and Third–Party Plaintiff.**

No. 73A01–0402–CV–76.

Court of Appeals of Indiana.

Sept. 9, 2004.

Robert L. Montgomery, Indianapolis, IN, Appellant Pro–Se.

Michael E. Simmons, Hume, Smith, Geddes & Green, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Almost seventeen years and three appeals later, this case is before us once again. Most recently, in *Montgomery v. Trisler*, 771 N.E.2d 1234 (Ind.Ct.App.2002) (*Trisler* III), we held that appellant-defendant Robert Montgomery was liable for the payment of attorney's fees to the appellee-plaintiff, G. Raymond Trisler, for pursuing a frivolous and meritless appeal with respect to the amount and nature of damages that had been previously awarded. Hence, we remanded the cause to the trial court for a calculation of appellate attorney's fees and damages owed. *Id.* at 1239.

The original action stemmed from an action initiated by Montgomery and Executive Builders against Trisler, and upon Trisler's counterclaim and separate complaint against Montgomery and his company, Executive Builders, Inc. (Executive Builders), for defamation, invasion of privacy, abuse of process, and frivolous litigation. In *Executive Builders v. Trisler*, 741 N.E.2d 351 (Ind.Ct.App.2000), *trans. denied*, (*Trisler II*) we upheld the trial court's award of compensatory damages in the amount of $178,240 and $1.64 million in punitive damages in favor of Trisler and against Montgomery.

At this juncture, Montgomery appeals again, raising the following issues with respect to the *original* cause of action: (1) whether his civil rights were violated "by champtery [sic] and maintenance" of counsel; (2) whether the award of punitive damages was erroneous; (3) whether the Shelby County Circuit Court Clerk erroneously failed to pay a portion of the punitive damages and interest to the Victim's Assistance Fund; and (4) whether it was error to order Montgomery to pay punitive damages when there was purportedly no evidence establishing that he was acting in his capacity as officer and director of Executive Builder's. Appellant's Br. p. 1. Also, in light of the issues presented in this

appeal, Trisler contends that he is entitled to additional damages pursuant to Indiana Appellate Rule 66(E), claiming that Montgomery—once again—has brought a meritless and bad faith appeal.

Concluding that the trial court did not err in dismissing the numerous petitions and motions that Montgomery filed with the trial court following the remand that we ordered in *Trisler III*, we affirm. Additionally, we are compelled once again to remand this case to the trial court for a calculation of additional damages and attorney's fees for which Montgomery may be liable in accordance with Indiana Appellate Rule 66(E).

## FACTS

In December 1987, Executive Builders filed a complaint against Trisler for "Intentional Interference With Business." Tr. p. 626–38. Thereafter, in February 1990, the Shelby County Circuit Court granted summary judgment in favor of Trisler on the original complaint and, when the ruling was later briefly set aside by the trial court, this court ordered reinstatement of the summary judgment on appeal. *Trisler v. Executive Builders, Inc.*, 647 N.E.2d 390 (Ind.Ct.App.1995), *trans. denied (Trisler I )*.

A jury trial then commenced on Trisler's counterclaim against Executive Builders, and on a third-party complaint against Robert and Dolores Montgomery, where it was alleged that the Montgomerys had tortiously pursued litigation against Trisler. In the end, the jury returned a verdict in favor of Trisler, which was reduced to a judgment and damage award of approximately $1.8 million in compensatory and punitive damages. In an appeal to this court, we affirmed the judgment in *Trisler II*.

Following our decision in *Trisler II*, Trisler was able to collect only a portion of the judgment from Montgomery. In January 2002, Trisler attempted a proceedings supplemental action to collect the remaining balance of the unpaid judgment and accrued interest that Montgomery owed. Although the parties agreed to a compromise on the collection amount, Montgomery initiated yet another appeal, where he essentially reasserted all arguments set forth in his previous—and unsuccessful—appeal. On July 25, 2002, we affirmed the trial court in *Trisler III*, and remanded the case for an award of appellate attorney fees, stating:

> Under the law of the case doctrine, an appellate court's determination of a legal issue is binding both on the trial court on remand and the appellate court on a subsequent appeal, given the same case with substantially the same facts. All issues decided directly or implicitly in a prior decision are binding on all subsequent portions of the case. The doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided. The doctrine is based upon the sound policy that when an issue is once litigated and decided, that should be the end of the matter.

*Trisler*, 771 N.E.2d at 1238. We also observed that an issue that is ripe for review, but not raised in the first appeal, will be considered as finally determined and will be deemed affirmed. *Id.* at 1239 (citing *Mafnas v. Owen County Office of Family & Children*, 699 N.E.2d 1210, 1212 (Ind.Ct.App.1998)). We went on to note that Montgomery's appellate brief failed to comply with our Appellate Rules, and we concluded that the appeal was frivolous and without merit.

In response to our decision in *Trisler III*, the trial court—at a hearing that commenced on May 13, 2003—awarded Trisler appellate attorneys fees in the amount of $16,421.20 to be paid within sixty days of

that judgment. However, rather than paying the judgment, Montgomery filed a flurry of motions and petitions in the trial court challenging the propriety of the *original* judgment. Montgomery also directed forty-one pages of Interrogatories to the previous trial court judge that had presided in this case. Following a hearing on December 19, 2003, the trial court dismissed all pending motions, and Montgomery filed his appellate brief on June 10, 2004.[1]

### DISCUSSION AND DECISION

#### I. The Montgomerys' Claims

In examining the issues cited above that Montgomery has advanced here, it is apparent that Montgomery, once again, is simply attempting to re-litigate the precise claims that he previously argued and had been decided adversely to him in *Trisler II*. Specifically, in *Trisler II*, Montgomery argued that the punitive damage award was erroneous because there was no showing that his actions were malicious, oppressive, and intentional. *Trisler*, 741 N.E.2d at 359–60. He further alleged that "the award violated his rights to due process under the United States Constitution and Indiana Constitution in that the amount awarded was impermissibly excessive." *Id.* at 360. In affirming the trial court, we determined that there was sufficient evidence to support the punitive damage award and it was not excessive.

█ With regard to the instant appeal, we note that following our remand in *Trisler III* for the trial court to calculate an appropriate attorney fees that Montgomery should pay, the only items at issue were the reasonableness and necessity of the legal fees that the trial court had

ordered Montgomery to pay at the conclusion of the May 13, 2003 hearing. However, none of the issues that Montgomery raises today concerns that judgment and award. As we recognized in *Trisler III*— and once again recognize today—Montgomery's claims in this appeal are necessarily barred under the law of the case doctrine. *See Trisler III*, 771 N.E.2d at 1238.

Our inquiry does not stop here, however, inasmuch as Trisler contends that he is entitled to additional damages and attorney's fees from Montgomery with regard to this appeal. In accordance with Indiana Appellate rule 66(E), "the Court may assess damages if an appeal, petition, or motion, or response, if frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution."

█ In essence, damages should be assessed under this rule when an appeal is replete with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Trost–Steffen v. Steffen*, 772 N.E.2d 500, 514 (Ind.Ct.App.2002), *trans. denied.* Additionally, "the sanction of appellate damages for lack of merit should be applied only when the party's contentions and arguments are utterly devoid of all plausibility." *Id.* In accordance with Indiana Code section 34–52–1–1, this court is authorized to award attorney fees when a party continues to litigate a claim after it becomes frivolous, unreasonable or groundless.

█ We observe that not only is Montgomery continuing to re-litigate issues that have already been decided adversely to him in the prior appeals, but his appellate

---

1. This court granted the Montgomerys' motion for extension of time to file their appellate brief on April 19, 2004.

brief fails to comply with our established rules of appellate procedure. In particular, even though this court granted Montgomery's motion to file an "amended table of contents, amended statutes and trial rules and correction page," his brief inappropriately sets forth argument in both the "Statement of the Case" and "Statement of the Facts" section. See *Trisler III*, 771 N.E.2d at 1239. Additionally, Montgomery fails to refer to any location in the record or appendix where certain "facts" as alleged by him can be located. Such a failure amounts to a violation of Indiana Appellate Rule 46(A)(6)(b). Also, in the argument section, Montgomery's appellate brief incoherently wades through a number of subheadings, and his purported arguments fail to reference any appropriate authorities, cases or statutes. See App. R. 46(A)(8).

Just as compelling, Montgomery's requests for relief at this stage are far beyond any appellate review. Although the only issue remaining for the trial court following our remand in *Trisler III* was the question of the attorney fee award, Montgomery asks that his "constitutional rights be returned to him," that the "case be joined in the Executive Builders, Inc. v. Union Federal Savings & Loan case," that a new trial be granted "based on judicial misconduct," and that he be repaid the $1,640,000.00 award, plus post-judgment interest, and related interest and legal expenses, and damages to his health. Appellant's Br. p. 37.

Thus, it is apparent that Montgomery has simply continued to raise issues without merit and with little or no regard for our established rules of appellate proce-

dure. Even more telling is Montgomery's continued harassment and accusations against Trisler and others with whom he disagrees. For all these reasons, we find Montgomery's appeal to be frivolous and without merit, and we believe that an award of appellate attorney fees to Trisler is once again warranted in this appeal. For these reasons, we affirm the judgment of the trial court and remand the cause for a calculation of damages to include appellate attorney's fees to which Trisler may be entitled in accordance with Indiana Appellate Rule 66(E).[2]

Affirmed and remanded.

KIRSCH, C.J., and ROBB, J., concur.

---

2. On occasion, this court has prescribed certain conditions that a pro se litigant must satisfy in order to gain future access to our court system. Such litigants have been subject to certain "screening" processes before

being allowed to pursue future litigation. *See Parks v. State*, 789 N.E.2d 40, 50 (Ind.Ct.App. 2003). This appellant is approximately one pleading away from crossing that line.