**Walter and Peggy Jo JACKSON, Appellants–Plaintiffs–Counter-defendants**

v.

**Kermit J. and Mary J. PARIS, Appellees–Defendants–Counter-claimants.**

**No. 24A01–9111–CV–351.[1]**

Court of Appeals of Indiana, First District.

Sept. 15, 1992.

Rehearing Denied Oct. 22, 1992.

1. The Parises filed a third-party claim against

Wayne S. and Elizabeth P. Gettinger in this

Thomas Lee Tarvin, Tarvin & Alexander, P.C., Connersville, for appellants-plaintiffs.

David E. Northam, Earnest, Foster, Eder, Levi & Northam, Rushville, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Walter and Peggy Jo Jackson appeal the judgment on their action seeking an injunction regarding an easement. We dismiss.

## ISSUE

We address only the dispositive issue on appeal:

Is dismissal required for lack of jurisdiction due to the parties' failure to comply with the appellate rules of procedure?

## FACTS

The trial court entered judgment against the Jacksons on January 8, 1991. The Parises timely filed a motion to correct error. After continuances, the hearing on the motion to correct errors commenced on May 17, 1991. However, the hearing was continued on May 22, 1991 because of insufficient time to complete the hearing on May 17. Record at 11 and 811. The hearing concluded on May 22, 1991, and the court took the matter under advisement. Record at 948. The court did not rule on the motion to correct errors until August 27, 1991. Thereafter, the Jacksons filed a praecipe on September 23, 1991.

## DISCUSSION AND DECISION

▆ If a judge does not rule on a motion to correct error within the prescribed limit of Ind. Trial Rule 53.3., the motion is deemed denied by operation of law. *State v. Eaton* (1991), Ind.App., 581 N.E.2d 956, 959-60. This "lazy judge" rule is self-activating upon the passage of the requisite number of days. *Id.* at 960. Here, the motion to correct error was deemed denied on June 21, 1991 when the trial court failed to rule on the motion. The trial court's power to rule on the motion thereafter was extinguished and its subsequent ruling is a nullity. *See id.*

▆ To perfect an appeal from the automatic denial of the motion, the praecipe was required to be filed on or before July 22, 1991.[2] *See* Ind. Appellate Rule 2(A) and T.R. 53.3(A). Although T.R. 53.3(B) provides exceptions, our review of the record failed to reveal that any of the exceptions were met. Because the praecipe was not timely filed in accordance with our

action; however, the third-party action is not part of this appeal.

2. The thirtieth day fell on Sunday, July 21, so the praecipe was due on July 22. *See* Ind.

Appellate Rule 13 (when Sunday is last day of period prescribed by the appellate rules, the period is extended until the end of the next day that is not a Saturday, Sunday, legal holiday, or day the clerk's office is closed).

rules of procedure, we lack jurisdiction and must dismiss this appeal.

Appeal dismissed.

BAKER and RUCKER, JJ., concur.