**CAVINDER ELEVATORS, INC.,**
**Appellant–Defendant,**

**v.**

**William L. HALL, Appellee–Plaintiff.**

**No. 55A01–9602–CV–56.**

Court of Appeals of Indiana.

Aug. 26, 1996.

---

Brent Threlkeld, Robert A. Durham, Rocap Witchger & Threlkeld, Indianapolis, for Appellant–Defendant.

Thomas E. Hastings, Brown Hastings & Clutter, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Defendant-appellant Cavinder Elevators, Inc., (Cavinder) appeals the trial court's grant of plaintiff-appellee William L. Hall's motion to correct error after the motion was deemed denied pursuant to Ind. Trial Rule 53.3. On cross-appeal, Hall argues that if the trial court failed to timely rule on his motion to correct error then Hall is entitled to challenge the denial of his motion to correct error by operation of law based on newly discovered evidence.

### FACTS

Hall, an employee of Central State Hospital, was injured on July 9, 1990, when a freight elevator at the hospital collapsed, crushing his hand and arm. Hall brought an action against Cavinder on June 19, 1991, alleging that it was negligent in inspecting and operating the elevator which caused Hall's injuries. Cavinder filed a motion for summary judgment on December 15, 1994, which the trial court granted on April 6, 1995. Hall then filed a motion to correct error on May 8, 1995, alleging that the trial court's grant of Cavinder's motion for summary judgment should be set aside because of newly discovered evidence.[1] The trial court conducted a hearing on Hall's motion to correct error on August 17, 1995. On September 18, 1994, Hall's motion to correct error was deemed denied pursuant to T.R. 53.3. Thereafter, on October 11, 1995, Hall filed his praecipe to appeal the denial of his motion to correct error by operation of law.

---

1. Hall also filed a "Motion to Set Aside Judgment" pursuant to Ind.Trial Rule 60(B)(2) at the same time he filed his motion to correct error. However, a T.R. 60 motion will be treated as an Ind.Trial Rule 59 motion to correct error if it substantially raises issues appropriate to a T.R. 59 motion. *Houston v. Wireman,* 439 N.E.2d 732, 733 (Ind.Ct.App.1982). Here, Hall's motion to set aside judgment raised newly discovered evidence as its only allegation of error. Because this is properly raised by a motion to correct error, we hold that Hall's T.R. 60(B)(2) motion should have been treated as a T.R. 59 motion to correct error.

Nonetheless, on October 24, 1995, the trial court granted Hall's motion to correct error, finding that he had submitted newly discovered evidence which would have affected the trial court's ruling on Cavinder's motion for summary judgment. Therefore, the trial court set aside its grant of summary judgment in favor of Cavinder.

## DISCUSSION AND DECISION

### I. Motion to Correct Error

■ Cavinder contends that because the trial court failed to rule on Hall's motion to correct error within the prescribed time limit set forth in T.R. 53.3, the trial court's grant of Hall's motion to correct error was a nullity. After a party has filed a motion to correct error and the trial judge fails to rule on the motion within thirty days of the hearing, the motion is deemed denied by operation of law. *Moran v. Cook,* 644 N.E.2d 179, 180 (Ind.Ct.App.1994); T.R. 53.3.

In the instant case, the trial court was required to rule on Hall's motion to correct error by September 18, 1995, which was thirty days after the August 17, 1995, hearing on the motion. Because the trial court failed to rule on Hall's motion to correct error by September 18, 1995, the motion was deemed denied by operation of law. Once a motion is deemed denied, the trial court's power to rule on the motion is extinguished. *Moran,* 644 N.E.2d at 180. As a result, the trial court's ruling on October 24, 1995, was a nullity.

### II. Jurisdiction of Hall's Cross-appeal

■ Cavinder further contends that because Hall's motion to correct error was deemed denied by operation of law on September 18, 1995, Hall was required to file his praecipe for appeal within thirty days of its denial and required to file the record of proceeding within ninety days of filing the praecipe. Cavinder argues that because Hall failed to perfect his appeal according to these time limits, Hall has waived his opportunity to appeal the denial by operation of law of his motion to correct error. We disagree.

Ind.Trial Rule 59(G) permits an opposing party, after a praecipe has been filed, to raise "any grounds as cross-errors ... including those grounds for which a motion to correct error is required...." T.R. 59(G); *In re Marriage of Snemis,* 575 N.E.2d 650, 654 (Ind.Ct.App.1991). An appellee need not file a praecipe in order to perfect a cross-appeal if the appellant's original praecipe covers the original record. *Snemis,* 575 N.E.2d at 654. Here, Cavinder invoked this court's jurisdiction by timely filing its appeal of the trial court's improper grant of Hall's motion to correct error. *INB Banking Co. v. Opportunity Options, Inc.,* 598 N.E.2d 580, 585 (Ind. Ct.App.1992), *trans. denied.* Therefore, pursuant to T.R. 59(G), Hall is permitted to raise any cross-error in his appellate brief, including the denial of his motion to correct error by operation of law. As a result, we will consider the merits of Hall's cross-appeal.

### III. Hall's Cross-appeal

Hall asserts that the denial by operation of law of his motion to correct error was improper because of the existence of newly discovered evidence which was located after Cavinder's motion for summary judgment was granted. Specifically Hall contends that the newly discovered evidence creates a genuine issue of material fact which precludes the grant of summary judgment in favor of Cavinder.

■ To prevail on a motion to correct error based on newly discovered evidence, a party must demonstrate that the evidence is material, relevant, and not merely cumulative or impeaching; that the evidence is not incompetent; that the party exercised due diligence in discovering the evidence in time for the summary judgment hearing; that the evidence is worthy of credit; and that the evidence is worthy of a strong presumption that a different result would have been reached at the summary judgment hearing. *Laudig v. Marion County Bd. of Voters Registration,* 585 N.E.2d 700, 712 (Ind.Ct.App. 1992), *trans. denied.* A strong presumption exists that the alleged newly discovered evidence could have been located before the summary judgment hearing. *Briggs v. Clinton County Bank & Trust Co.,* 452 N.E.2d 989, 1013 (Ind.Ct.App.1983), *trans. denied.*

■ To support his claim of newly discovered evidence, Hall offers the affidavit of

Carl Lolla, an employee of Central State Hospital, who was familiar with the freight elevator which collapsed and caused Hall's injuries. Lolla states that he observed that the pull strap to the elevator had fallen off the door panel which caused Hall's injury. Lolla further states that the pull strap had become loose on many occasions prior to Hall's accident. Hall contends that, despite his due diligence, Lolla's testimony could not have been discovered prior to the summary judgment hearing due to the State's lack of cooperation, as well as the closing of Central State Hospital. We disagree.

Hall's complaint for damages was filed with the trial court on June 19, 1991. Subsequently, Cavinder's motion for summary judgment was filed on December 15, 1994, more than three and one-half years after the original complaint was filed. Nevertheless, Hall did not hire a private investigator to investigate the accident until after the trial court had granted Cavinder's motion for summary judgment. As a result, we cannot say that Hall used due diligence in securing Lolla's affidavit. *See Briggs,* 452 N.E.2d at 1013 (reasonable diligence in the use of discovery methods during two year period in which case was pending would have uncovered existence of tape). Because Hall did not use due diligence in securing Lolla's affidavit, no error occurred when Hall's motion to correct error based on newly discovered evidence was deemed denied.

The grant of the motion to correct error is reversed and summary judgment previously granted is affirmed.

NAJAM and RILEY, JJ., concur.