CAVINDER ELEVATORS, INC.,
Defendant–Appellant,

v.

William L. HALL, Plaintiff–Appellee.

No. 55S01–0004–CV–233.

Supreme Court of Indiana.

April 4, 2000.

W. Brent Threlkeld, Robert A. Durham, Rocap Witchger & Threlkeld, Indianapolis, Indiana, Attorneys for Appellant.

Thomas E. Hastings, Brown Hastings & Clutter, Indianapolis, Indiana, Attorney for Appellee.

## ON PETITION TO TRANSFER

DICKSON, Justice

Indiana Trial Rule 53.3(A) declares that a motion to correct error shall be deemed denied if the trial court fails to rule within certain time limits. On rare occasion, however, a trial court may initially fail to rule timely on a motion to correct error but later, after the moving party timely files a praecipe to initiate an appeal from the deemed denial, the court may belatedly grant the motion. We grant transfer to address and clarify resulting appellate procedural issues.

In this personal injury case, after the trial court granted the motion for summary judgment filed by the defendant-appellant, Cavinder Elevators, Inc., the plaintiff-appellee, William L. Hall, filed a motion to correct errors challenging the grant of summary judgment and claiming newly discovered evidence. When the trial court failed to rule within thirty days after its hearing on the motion to correct errors, the plaintiff timely filed a praecipe, thus initiating an appeal. Ind. Appellate Rule

2(A). Shortly thereafter, however, the trial court granted the plaintiff's motion, finding that the newly discovered evidence was material, relevant, credible, and not merely cumulative or impeaching, and that the plaintiff's failure to discover the evidence was excusable in light of the circumstances and the plaintiff's reasonable diligence. The court expressly set aside the prior ruling granting summary judgment. Having obtained the relief sought, the plaintiff did not further pursue his appeal. Instead, the defendant initiated this appeal. In response to the defendant-appellant's brief, the plaintiff sought review on the merits of the issues presented in his motion to correct error, including the grant of summary judgment and the claim of newly discovered evidence.

The Court of Appeals held that, because the trial court failed to rule on the motion to correct error within thirty days pursuant to Indiana Trial Rule 53.3(A), the motion was deemed denied and the trial court's ruling granting the motion and setting aside the summary judgment was a nullity. *Cavinder Elevators, Inc. v. Hall,* 670 N.E.2d 61, 63 (Ind.Ct.App.1996). Noting that the plaintiff asserted cross-error in his appellate brief, pursuant to Indiana Trial Rule 59(G), the court addressed the merits of the plaintiff's claim of newly discovered evidence but concluded that "no error occurred when [the plaintiff's] motion to correct error based on newly discovered evidence was deemed denied." *Id.* at 64. The Court of Appeals did not, however, address the merits of the plaintiff's challenge to the grant of summary judgment, which was presented in the plaintiff's motion to correct error and reasserted as cross-error on appeal.

In his petition for transfer and supporting brief, the plaintiff does not take issue with the Court of Appeals determination that the trial court's belated granting of the plaintiff's motion to correct error was

invalid pursuant to Trial Rule 53.3(A). He asserts, rather, that the Court of Appeals failed to address his claim that the trial court erred in granting the defendant's motion for summary judgment and, further, that the Court of Appeals erred in rejecting his claim of newly discovered evidence.

### The "Deemed Denied" Problem

Indiana Trial Rule 53.3(A) states in relevant part:

> In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied.[1]

Various issues may arise when a trial court grants a motion to correct error after the expiration of the prescribed time limits and after the party filing the motion has commenced an appeal from the deemed denial.

The defendant argues that its appeal is authorized under Trial Rule 59(F), which makes appealable any order "modif[ying] or setting aside" a final judgment. Furthermore, Indiana Appellate Rule 4(A) provides that a ruling or order by the trial court granting or denying relief on a motion to correct error is an appealable final order. We observe that if a trial court belatedly grants a motion to correct error and thereby purports to vacate a prior grant of summary judgment, the trial court will presumably proceed with the case to conclusion. To construe our rules to preclude the party opposing the motion to correct error from the opportunity to immediately appeal a belatedly granted, but "deemed denied," motion to correct error would disserve the efficient administration of justice. We reject the notion that the "deemed denied" language in Tri-

---

**1.** Trial Rule 53.3 permits these time limitations to be waived by express agreement of counsel on the record or by trial court entry made before the time expires. *See* T.R. 53.3(B) & (D).

al Rule 53.3(A) precludes a timely appeal under Trial Rule 59(F) and Appellate Rule 4(A).[2]

■ Accordingly, we hold that the belated grant of the motion to correct error in this case is not necessarily a nullity but rather is voidable and subject to enforcement of the "deemed denied" provision of Trial Rule 53.3(A) in the event the party opposing the motion to correct error promptly appeals. Had the defendant failed to promptly appeal this belated grant, such failure would constitute waiver and would have precluded a subsequent appellate claim that the motion to correct error was deemed denied under Trial Rule 53.3(A).

■ In addition to recognizing that the party opposing the motion to correct error may promptly appeal to assert that the motion was deemed denied under the rule, we further hold that the party filing the motion to correct error may seek appellate review of the merits of the "deemed denied" motion. When a party, like the plaintiff in this case, properly files a well-founded motion to correct error and timely files a praecipe when no action is taken within the Rule 53.3(A) period, but thereafter receives an order from the court granting the relief requested, such party should not be found to have abandoned the appeal. In his brief as appellee, the plaintiff reasserted the issues raised in the "deemed denied" motion to correct error. While concluding that the trial court had no power to grant the plaintiff's motion after the thirty-day period expired, the Court of Appeals found that Trial Rule 59(G) allowed the plaintiff to "raise any cross-error in his appellate brief, including the denial of his motion to correct error by operation of law." *Cavinder Elevators,* 670 N.E.2d at 63. We agree.

Having "won" the relief sought when the trial court ultimately, but belatedly, granted the motion to correct error, it is reasonable that the party filing the motion to correct error would assume that the case will proceed to trial and thus would have no reason to continue the appeal. But if the party opposing the motion to correct error promptly appeals from the belated grant of the motion to correct errors, arguing that the trial court had no power to grant the motion after the period specified under the rule, the time period for the party who filed the motion to correct error to perfect his timely-commenced appeal may have expired. This party should not be required to perfect and pursue an apparently unnecessary appeal of a claim already determined to be meritorious by the trial court.

■ When a trial court considers and grants a motion to correct error, even if done belatedly, we perceive that such a decision will typically be correct on the merits and will result in expeditious further proceedings, without an intervening appeal. Sound judicial administration thus counsels against requiring a party whose motion to correct error is belatedly granted nevertheless to perfect an appeal from the superseded but "deemed denied" motion. These same concerns also counsel against permitting a belated grant of a motion to correct error long after its deemed denial has concluded the case as a final judgment from which an appeal was taken. Although we conclude that the plaintiff's abandonment of his timely-commenced appeal should not preclude him from asserting by cross-error under Trial Rule 59(G) the issues presented in his motion to correct error, we hold that the rule does not authorize resort to cross-error as a device to raise claims abandoned by the failure to initiate a timely appeal upon the deemed denial of a motion pursuant to Rule 53.3(A).

■ Contrary to concerns expressed in the dissenting opinion, this application of Rule 53.3(A) does not create an open-end-

**2.** This construction will likewise apply under the revised Indiana Rules of Appellate Procedure that become effective January 1, 2001. *See* App. R. 2(H)(5), 4(A), 5(A) (rev.).

ed time in which the trial court may rule. It applies only if, within thirty days after the motion is deemed denied,[3] the party filing the motion timely initiates an appeal,[4] and if the trial court belatedly grants the motion to correct error before the record of proceedings is filed, transferring jurisdiction to the appellate tribunal.[5] If a belated grant occurs, the opposing party may accept the ruling or may appeal to invalidate it as deemed denied pursuant to Rule 53.3(A).[6] The party filing the motion may not thereafter assert as cross-error the issues presented in the "deemed denied" motion to correct error if the time for filing a praecipe has expired and the party failed to commence an appeal.

Summarizing our conclusions regarding the "deemed denied" problem, we reiterate that the belated grant of the plaintiff's motion to correct error in this case was not a nullity but rather was voidable subject to the defendant's timely appeal under Trial Rule 59(F) and Appellate Rule 4(A). If the defendant had failed to promptly appeal the belated grant of such a motion, however, this failure would have waived and thus precluded subsequent appellate review of whether the trial court's ruling violated Trial Rule 53.3(A). Because the defendant promptly appealed from the belated grant of the motion to correct error, and because the plaintiff timely commenced his appeal from the Rule 53.3(A) deemed denial of his motion to correct error, the defendant's appeal should be considered, as should the plaintiff's issues raised as cross-errors under Trial Rule 59(G). However, if the plaintiff, as the party filing the motion to correct error, had failed to commence a timely appeal following the deemed denial pursuant to Trial Rule 53.3(A), such failure would have waived the claims and precluded the plaintiff from raising them as cross-errors on appeal.

We believe that our interpretation and application of the rule in this case will substantially enhance both judicial efficiency and fairness to litigants by eliminating unnecessary, impractical, harsh, and unfair consequences.

## Summary Judgment

The plaintiff, asserting cross-error, argues that the trial court erroneously granted the defendant's motion for summary judgment.[7]

As a reviewing court, we are bound by the same standards for summary judgment as the trial court. *Trotter v. Nelson*, 684 N.E.2d 1150, 1152 (Ind.1997). Motions for summary judgment are properly granted only when the pleadings and other matters of record reveal that there is no genuine issue or dispute as to material facts and that the moving party is entitled to judgment as a matter of law. T.R. 56(C); *National City Bank, Indiana v. Shortridge*, 689 N.E.2d 1248, 1250 (Ind. 1997). To determine whether such issues of fact exist, the court must accept as true those facts alleged by the non-moving party and resolve all doubts against the mov-

---

3. App. R. 2(A). The same thirty-day time limit will apply under the revision of the Indiana Rules of Appellate Procedure effective January 1, 2001. App. R. 9(A) (revised).

4. If the trial court belatedly grants a motion to correct error before the party filing the motion to correct error initiates an appeal but during the time period within which such party is entitled to appeal from the deemed denial, the party may assert as cross-error the issues presented in its "deemed denied" motion to correct error.

5. App. R. 3(A). Similarly, under the revision of the Indiana Rules of Appellate Procedure

effective January 1, 2001, the appellate court acquires jurisdiction "on the date the trial court clerk issues its Notice of Completion of Clerk's Record." App. R. 8 (revised).

6. The right to cross-appeal by raising cross-appeal issues in the appellee's brief is likewise recognized in the revision of Indiana Rules of Appellate Procedure that becomes effective January 1, 2001. App. R. 9(D) (revised).

7. We need not address the plaintiff's claim of newly-discovered evidence because we find the summary judgment issue dispositive.

ing party. *National City Bank,* 689 N.E.2d at 1250–51. Because the party seeking summary judgment has the burden of demonstrating that no question of fact exists as to any material issue and that it is entitled to judgment as a matter of law, the non-movant is not required to come forth with contrary evidence unless and until the movant has met this burden. *USA Life One Ins. Co. of Ind. v. Nuckolls,* 682 N.E.2d 534, 541 (Ind.1997); *Jarboe v. Landmark Community Newspapers of Ind., Inc.,* 644 N.E.2d 118, 123 (Ind.1994).

The plaintiff in this case is seeking damages for injuries to his arm and hand allegedly sustained when a freight elevator maintained by the defendant malfunctioned. The defendant's motion for summary judgment is based upon two claims: (1) that the defendant owed no duty to the plaintiff with regard to the elevator; and (2) that the plaintiff failed to present evidence of the breach of that duty.[8] As to the first issue, the defendant contends that the scope of its duty is established by the terms of a written service contract between the defendant and the State of Indiana, which owned the elevator and employed the plaintiff at the time of the injury. The defendant contends that this contract did not require it to maintain the parts of the elevator at issue in this case. In response, the plaintiff identifies terms in the contract providing that the defendant would "employ all reasonable care to maintain the elevator in a proper and safe condition," record at 164, and contends that these terms established the scope of the duty. Although the defendant cites to language in the contract that requires it only to perform certain types of repair and maintenance, other portions of the agreement state: "[W]e will maintain the *entire elevator* equipment as herein described, using skilled elevator maintenance men ... [who] will employ *all rea-*sonable care to see that the elevator equipment is maintained in proper and safe operating condition." Record at 164 (emphasis added).

Because a grant of summary judgment is predicated upon the absence of any genuine issue of material fact, we have noted that, where a grant of summary judgment turns on a written document, the court must find that the key provisions of the document are unambiguous. *B & R Farm Services, Inc. v. Farm Bureau Mut. Ins. Co.,* 483 N.E.2d 1076, 1077 (Ind.1985). We find that the elevator maintenance contract at issue here does not unambiguously establish the absence of duty on the part of the defendant.

### Conclusion

We reverse the entry of summary judgment for the defendant and remand this cause to the trial court for further proceedings.

BOEHM and RUCKER, JJ., concur. SULLIVAN, J., dissents with separate opinion, in which SHEPARD, C.J., concurs.

SULLIVAN, Justice, dissenting.

I respectfully dissent. Trial Rule 53.3(A) provides that "[i]n the event a court ... fails to rule on a Motion to Correct Error within thirty (30) days after it was heard ..., the pending Motion to Correct Error shall be deemed denied." The trial court here failed to rule on plaintiff's motion to correct error until after the 30–day period had expired and so it was deemed denied.

The majority opinion effectively repeals T.R. 53.3(A)'s time limits in those cases where the party filing the motion to correct error timely initiates an appeal and the trial court thereafter belatedly grants the motion. The majority holds that in

---

**8.** This second claim is necessarily insufficient. Because the moving party has the burden of establishing his entitlement to summary judgment, a claim that the plaintiff has failed to produce evidence on each element of his case is insufficient to entitle the defendant to summary judgment. *Jarboe,* 644 N.E.2d at 123.

such cases, the motion is not deemed denied after all and instead the court's new ruling replaces its former ruling as an appealable final order. This not only conflicts with the clear and unambiguous language of T.R. 53.3(A) but with established precedent as well. Each of the following cases holds that a trial court has no power to rule on a motion to correct error after the 30–day period expires and that any subsequent ruling is a nullity: *Rose v. Denman*, 676 N.E.2d 777, 781 (Ind.Ct.App. 1997); *Roscoe v. Roscoe*, 673 N.E.2d 820, 821 (Ind.Ct.App.1996); *Moran v. Cook*, 644 N.E.2d 179, 180 (Ind.Ct.App.1994); *Jackson v. Paris*, 598 N.E.2d 1106, 1107 (Ind. Ct.App.1992). I cannot agree that a ruling repeatedly held in case law to be a "nullity" can be an appealable final order.

The majority advances several policy justifications for its new rule. I respectfully suggest that there are countervailing policy reasons that are just as weighty, chief among them the general value of certainty that the current bright-line rule provides. More specifically, by leaving open-ended the time a trial court has to rule on a motion to correct error, litigants and the Court of Appeals are left in a highly uncertain world — not knowing whether or not the trial court will grant the motion, rendering the appeal moot, and placing the party originally favored by the court's ruling in the position of having to decide whether to appeal.

Litigants should be able to rely on our rules as written. If we are going to change the operation of T.R. 53.3(A) in this way, I think we should do so through the rule-making process and not case law.[1]

We have used the Supreme Court Committee on Rules of Practice and Procedure created by T.R. 80 as a source of expert opinion and as a listening post — for bench and bar comments on prospective rule changes. The majority gives no reason for not employing the Rules Committee process here. And I would observe that the principal reason for having rules in the first place is to provide a level playing field for litigants in the sense that everyone knows the rules upfront. While new Trial Rules are prospective in their application, the new rule promulgated by the majority is given retroactive application — not only to these litigants but presumably to all other litigants whose cases are pending on appeal as of the date of this decision.[2]

To repeat, here the trial court failed to rule on plaintiff's motion to correct error until after the 30–day period had expired and so it was deemed denied. While I recognize that the plaintiff abandoned his timely-filed praecipe only after the trial court ruled in his favor on the motion to correct error, that ruling was a "nullity." In accordance with rule and precedent, the plaintiff should have continued to perfect his appeal. Doing so is a jurisdictional prerequisite to appellate review; failure to comply with applicable appellate time limits results in forfeiture of an appeal. *See*

---

1. It is worth noting that when our court last amended T.R. 53.3(A), it was to eliminate the uncertainty that surrounded its use. Prior to 1989, the rule had provided that if the trial court had not ruled on a motion to correct error within the requisite time period, "upon application of any interested party, the pending motion to correct error may be deemed denied." T.R. 53.3(A) (West 1988) (effective Jan. 1, 1983). To eliminate the uncertainty occasioned by the open-ended nature of this language, this court amended the rule effective February 16, 1989, adopting its current language: if the trial court has not ruled on a motion to correct error within the requisite time period, "the pending Motion to Correct Error is deemed denied." T.R. 53.3(A) (West 1999) (effective Feb. 16, 1989). Today's opinion reintroduces at least some of the uncertainty that this court sought to eliminate in 1989.

2. *See Sneed v. Associated Group Ins.*, 663 N.E.2d 789, 795 (Ind.Ct.App.1996) ("With respect to new rules announced through adjudication, the rule generally will be applied to all cases pending on direct appeal at the time of the decision. With respect to new rules announced through a rulemaking process, however, the new rule generally will only be applied to cases which arise after the new rule has been announced." (citations omitted)).

*Claywell v. Review Bd. of the Indiana Dept. of Employment and Training Serv.,* 643 N.E.2d 330, 330 (Ind.1994). The plaintiff did not comply with the applicable time limits. Nor is the defendant's appeal properly before us for the reasons discussed above — the order defendant appealed from was a nullity. We lack jurisdiction (as did the Court of Appeals) and must dismiss. *Roscoe,* 673 N.E.2d at 821; *Harkrider v. Lafayette Nat. Bank,* 613 N.E.2d 36, 41 (Ind.Ct.App.1993); *Jackson,* 598 N.E.2d at 1107; *accord Claywell,* 643 N.E.2d at 330.

SHEPARD, C.J., concurs.