751 N.E.2d 344 (2001)
Mary CARTER, Appellant-Defendant,
v.
Tracy JONES and Monty Jones, Appellees-Plaintiffs.
No. 48A04-0011-CV-466.
Court of Appeals of Indiana.
July 17, 2001.
*345 Jeffrey D. Hawkins, Rebecca J. Maas, Smith, Fisher, Maas & Bishop, Indianapolis, Indiana, Attorneys for Appellant.
Patrick R. Ragains, Smith & Ragains, Anderson, Indiana, Attorney for Appellees.

OPINION
BAILEY, Judge

Case Summary
Mary Carter, defendant below, appeals the trial court's grant of additur in favor of Tracy and Monty Jones, plaintiffs below, and the court's denial of Carter's motion to enforce a qualified settlement offer. We dismiss this appeal for lack of jurisdiction.

Issue
Carter presents several issues, the following of which is dispositive: Did the trial court's failure to rule on the Joneses's motion to correct error in a timely manner render its belated order granting additur a nullity?[1]

Facts and Procedural History
On July 29, 1994, Tracy Jones was driving in her car when it was rear-ended by Carter's vehicle. The Joneses sued Carter for Tracy's alleged personal injuries, and Monty's alleged loss of consortium. On May 5, 2000, Carter offered to settle Tracy's claim for $7,500.00, and Monty's claim for $1.00. The offers were apparently rejected, and the case went to trial on June 15, 2000. Carter conceded her liability, but contested the Joneses's damages. The jury awarded Tracy $5,000.00, but found against Monty. (R. 7.) On June 22, 2000, the Joneses filed their "Motion to Correct Error/Additur," asking the court to either enter judgment greater than that contemplated by the jury, or to grant a new trial. The court held hearings on the motion on July 14 and August 11, 2000. (R. 7, 562.) On October 3, 2000, the court purportedly granted the Joneses's motion for additur, finding that the jury's award was inadequate as a matter of law, and adding $50,000.00, for a total judgment of $55,000.00. Carter filed her praecipe on October 23, 2000, and now appeals.

Discussion and Decision

A. Standard of Review
A trial court has considerable discretion to grant or deny motions to correct *346 error. Dughaish ex rel. Dughaish v. Cobb, 729 N.E.2d 159, 167 (Ind.Ct.App.2000), trans. denied. We will reverse only if the court has abused its discretion. Id. An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it, and when the court's decision is without reason or is based upon impermissible reasons or considerations. Id.

B. Analysis
Carter argues that the court's order granting additur is void because it was not issued in a timely manner. The Joneses appropriately sought additur under Trial Rule 59, which provides that a motion to correct error is a prerequisite for appeal "when a party seeks to address... [a] claim that a jury's verdict is excessive or inadequate." Trial Rule 53.3(A) provides that
[i]n the event a court ... fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. An appeal shall be initiated by filing the notice of appeal under [former] Appellate Rule 2(A) [now Appellate Rule 9] within thirty (30) days after the Motion to correct Error is deemed denied.
"A trial court has no power to rule on a motion to correct error after the time designated by the rule has passed, and any subsequent ruling is a nullity." Johnson v. Johnson County Bd. of Zoning Appeals, 732 N.E.2d 865, 865-866 (Ind.Ct.App. 2000). The court heard the Joneses's motion on July 14 and August 11, 2000, but did not rule on it until October 2, 2000. The motion was therefore "deemed denied" under Trial Rule 53.3 as of September 11, 2000, thirty days after the August 11 hearing. Carter thus asserts that the court's October 2, 2000 ruling granting additur was a nullity and must be reversed.
The Joneses respond by asserting that the court's order granting additur is not a nullity, but is simply voidable under the exception to the Trial Rule 53.3 deadlines delineated in Cavinder Elevators, Inc. v. Hall, 726 N.E.2d 285, 289 (Ind. 2000).[2] In Cavinder, the Indiana Supreme Court held that a trial court's untimely ruling on a motion to correct errors may be voidable rather than a nullity. Id. The court, however, expressly stated that this exception to Trial Rule 53.3's deadlines would apply only when the party filing the motion to correct errors timely pursues an appeal within thirty days of the deemed denial of the motion. Id. Here, the Joneses did not commence an appeal under former Appellate Rule 2(A) by October 11, 2000, thirty days after the deemed denial of their motion as required by Trial Rule 53.3, and Carter urges us to hold that the exception set out in Cavinder does not apply.
The Joneses claim that they promptly appealed the deemed denial of their motion to correct error, and thus fall within the Cavinder exception, by characterizing their status before this court as "cross-appellants" under Trial Rule 59(G) with regard to the issues raised by Carter. This argument misunderstands and misconstrues both Cavinder and the applicable trial rules. First, the Joneses are not cross-appellants under Trial Rule 59(G). That rule permits a party responding to an *347 appeal taken in lieu of a motion to correct error to defend against that motion by raising any available ground for the first time upon appeal, and to raise any grounds as cross-errors. This does not help the Joneses, because aside from characterizing themselves as "cross-appellants," they have not identified any action of the trial court they claim to be error. In any event, even if the Joneses had asserted cross-errors here, they unquestionably failed to commence an appeal within thirty days of the deemed denial of their motion, the only fact pertinent to the applicability of the Cavinder exception. The exception therefore does not apply, and the court's untimely order granting additur was a nullity.
As a result, we lack jurisdiction over this appeal. Former Appellate Rule 2(A), in effect until December 31, 2000, required a party seeking an appeal to file a praecipe within thirty days of the entry of final judgment. As noted above, however, when a party files a motion to correct error, Trial Rule 53.3 provides that the appeal must be commenced within thirty days from the date the court rules on the motion, or within thirty days after the motion is deemed denied. In either case, the filing of the praecipe in a timely manner is a jurisdictional prerequisite to any appeal, and the failure to commence an appeal in a timely manner deprives us of jurisdiction over the remainder of the appeal, and mandates dismissal. See Roscoe v. Roscoe, 673 N.E.2d 820, 821 (Ind.Ct. App.1996) (dismissing appeal for lack of jurisdiction after holding the trial court's belated ruling on a motion to correct errors a nullity, because the party commencing appeal failed to file a praecipe within thirty days of the deemed denial of the motion to correct errors). Here, neither party commenced an appeal within thirty days after the Joneses's motion to correct errors was deemed denied by virtue of the trial court's failure to rule upon it, and both parties' rights to an appeal were waived. We accordingly lack jurisdiction, and the appeal must be dismissed.[3]
Appeal dismissed.
BAKER, J., and MATHIAS, J., concur.
NOTES
[1] Because we find this issue dispositive, we do not reach Carter's other issues regarding the propriety of the trial court's grant of additur, or the enforcement of a qualified settlement offer.
[2] The deadlines for ruling on a motion to correct error are expressly subject to the exceptions set out under subsection (B) of Trial Rule 53.3, and may be extended by the court under subsection (D) of the rule. The Joneses do not claim that the exceptions in subsection (B) apply, and the trial court does not appear to have extended its deadline.
[3] Because we lack jurisdiction over this matter, we do not have the authority to remand the case to the trial court with instructions to enter judgment on the jury's verdict pursuant to Trial Rule 58, which the trial court is now plainly required to do.