HOMEQ SERVICING CORPORATION, f/k/a TMS Mortgage, Inc., d/b/a The Money Store, Appellant–Plaintiff,

v.

Bradley J. BAKER and Constance D. Baker, Appellee–Defendants.

No. 25A03–0608–CV–383.

Court of Appeals of Indiana.

April 13, 2007.

Christine M. Stach, Rothberg Logan & Warsco, LLP, Fort Wayne, IN, Attorney for Appellant.

Bradley J. Baker, Rochester, IN, pro se.

Constance D. Baker, Rochester, IN, pro se.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff and Cross–Appellee, HomEq Servicing Corporation (HomEq), appeals the trial court's grant of a Motion to Correct Errors and Vacate Summary Judgment filed by Appellees–Defendants

and Cross–Appellants, Bradley and Constance Baker (the Bakers).

We reverse.

### ISSUES

HomEq raises one issue on appeal, however we find the following issue dispositive: Whether the trial court's belated grant of the Bakers' Motion to Correct Errors and Vacate Summary Judgment was proper pursuant to Indiana Trial Rule 53.3(A).

In addition, the Bakers raise one issue on cross-appeal, which we restate as: Whether the trial court erred in entering Summary Judgment in favor of HomEq.

### FACTS AND PROCEDURAL HISTORY

The Bakers entered in a Note and Mortgage agreement with HomEq thereby promising to pay monthly installments on the Note, which was secured with a first mortgage lien on real estate owned by the Bakers. The Bakers defaulted on the Note, and HomEq initiated an action to foreclose on the mortgage lien.

On April 15, 2004, HomEq filed its Motion for Summary Judgment. On May 9, 2005, the trial court held a hearing on the Motion for Summary Judgment. On May 27, 2005, the trial court entered Summary Judgment in favor of HomEq, stating in pertinent part:

### JUDGMENT AND DECREE FORECLOSING NOTE AND MORTGAGE
* * *

[The court] does hereby make the following findings of fact and conclusions of law[:]

* * *

2. The [c]ourt finds that on June 26, 2003, HomEq filed its Complaint for Foreclosure of Note and Mortgage . . . in Fulton County, Indiana.

* * *

4. The [Bakers] have appeared herein *pro se* and have filed their Answer to HomEq's Complaint.

5. The [c]ourt finds, upon hearing on said Motion for Summary Judgment, that no affidavit was filed in this cause in opposition to HomEq's Motion for Summary Judgment, and that there is, in this action, no genuine issue as to any material facts relating to the Complaint and the relief demanded herein by HomEq. HomEq is entitled to judgment as a matter of law and HomEq's Motion for Summary Judgment should be granted.

6. The [c]ourt finds the allegations contained in HomEq's Complaint are true and [the Bakers] are in default upon the Note and Mortgage as alleged in said Complaint by reason of their failure to make the payments of principal and interest upon said Note as required by the terms thereof.

(Appellant's App. pp. 109–10).

The trial court then ordered the Bakers to pay HomEq the principal on the Note and Mortgage, interest, late charges, escrow advances, and corporate advances, as well as HomEq's attorney's fees, court costs, and expenses in bringing the foreclosure action.

On June 24, 2005, the Bakers filed a Motion to Correct Error and Vacate Summary Judgment. On June 19, 2006 after a series of continuances, the trial court held a hearing on this Motion. On July 27, 2006, the trial court granted the Motion, finding that there are genuine issues of material fact. On August 24, 2006, HomEq filed its Notice of Appeal, seeking

reversal of the trial court's grant of the Motion to Correct Error because it was issued more than thirty (30) days after the hearing on the Motion, contrary to Ind. Trial Rule 53.3.

In addition, the Bakers cross-appeal. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

■ HomEq argues that the trial court abused its discretion in granting the Bakers' Motion to Correct Error and Vacate Summary Judgment because it failed to rule on the Motion within thirty (30) days of the hearing, pursuant to Indiana Trial Rule 53.3(A). Here, the trial court held its hearing on the Motion on June 19, 2006, approximately one year after the Motion was filed, and did not issue its ruling until 38 days after the hearing, on July 27, 2006.

■ A trial court has wide discretion to correct errors, and we will reverse only for an abuse of that discretion. *Williamson v. Williamson*, 825 N.E.2d 33, 44 (Ind.Ct. App.2005). An abuse of discretion occurs when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom. *Id.*

Indiana Trial Rule 53.3(A) provides that: (A) In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing a notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

■ Thus, in the present case, as the trial court did not issue its ruling until 38

days after the hearing on the Bakers' Motion to Correct Error, the motion was deemed denied on the thirtieth day following the hearing. Also, the Bakers did not file a notice of appeal, but rather HomEq filed a notice of appeal following the trial court's belated granting of the Motion to Correct Error. Even though the Bakers concede that their Motion to Correct Error was deemed denied thirty days after the hearing, they argue that under *Cavinder Elevators, Inc. v. Hall*, 726 N.E.2d 285 (Ind.2000), they can now cross-appeal and request our review of the trial court's grant of Summary Judgment in favor of HomEq.

In *Cavinder*, when the trial court failed to rule within thirty days after its hearing on the motion to correct error, the plaintiff timely filed a praecipe, thus initiating an appeal. *Cavinder*, 726 N.E.2d at 286. Subsequently, the trial court granted the plaintiff's motion to correct error on the basis of newly discovered evidence. *Id.* at 287. Thereafter, the defendant initiated an appeal, and in response to defendant's brief, the plaintiff sought review on the merits of the issues presented in the motion to correct error, which included the grant of summary judgment and the claim of newly discovered evidence. *Id.* Upon review of the appeal, we held that because the trial court failed to rule on the motion to correct error within the time constraints of Indiana Trial Rule 53.3(A), the motion was deemed denied. *Id.* However, because the plaintiff had asserted cross-error in his appellate brief, pursuant to Ind. Trial Rule 59(G), we addressed the merits of his claim of newly discovered evidence. *Id.*

■ On transfer, our supreme court reversed, holding that the belated grant of a motion to correct error "is not necessarily a nullity but rather is voidable and subject to enforcement of the 'deemed denied' pro-

vision of Trial Rule 53.3(A) in the event the party opposing the motion to correct error promptly appeals." *Id.* at 288. Further, the court held that the party filing the motion to correct error may seek appellate review of the merits of the "deemed denied" motion when such party "properly files a well-founded motion to correct error *and timely files a praecipe* when no action is taken within the Rule 53.3(A) period." *Id.* (emphasis added). Thus, if the party filing the motion to correct error has a valid basis for doing so and files a praecipe at the expiration of the thirty-day period, such party is not deprived of an appeal when a trial court has belatedly granted its motion to correct error. *Id.*

> Additionally, the *Cavinder* court stated: Although we conclude that the plaintiff's abandonment of his timely-commenced appeal should not preclude him from asserting by cross-error under Trial Rule 59(G) the issues presented in his motion to correct error, we hold that the rule does not authorize resort to cross-error as a device to raise claims abandoned by the failure to initiate a timely appeal upon the deemed denial of a motion pursuant to Rule 53.3(A).

*Id.*

Here, the facts differ from those in *Cavinder* in one major respect: the Bakers did not file a praecipe after the thirty days had passed from the date of the hearing on their Motion to Correct Error. Instead, this appeal was initiated by HomEq. As a result, we conclude that the trial court's belated grant of the Bakers' Motion to Correct Error and Vacate Summary Judgment was improper, and find that such Motion was "deemed denied." We also conclude that the holding in *Cavinder* prohibits our review of the issue raised by the Bakers on cross-appeal, *i.e.* whether the trial court properly granted Summary Judgment in favor of HomEq.

*CONCLUSION*

Based on the foregoing, we conclude that the trial court improperly granted the Bakers' Motion to Correct Error and Vacate Summary Judgment pursuant to Ind. Trial Rule 53.3.(A).

Reversed.

NAJAM, J., and BARNES, J., concur.