*Pursuant to Indiana Appellate Rule 65(E), the trial court and parties shall not take any action in reliance upon this opinion until it is certified.*




FILED

Jun 26 2026, 2:15 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Indiana Supreme Court

Supreme Court Case No. 26S-PL-199

## Timothy Stabosz,

*Appellant/Cross-Appellee (Defendant below),*

—v—

## Shaw Friedman,

*Appellee/Cross-Appellant (Plaintiff below).*

Decided: June 26, 2026

Appeal from the LaPorte Circuit Court
No. 46C01-2106-PL-1110
The Honorable Stephen R. Bowers, Special Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 24A-PL-2536

**Opinion by Justice Molter**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**Molter, Justice.**

This case compels us to decide the scope of a cross-appeal when a party is caught betwixt and between because the trial court belatedly granted a Trial Rule 59 motion to correct error, but only after Trial Rule 53.3(A) already deemed the motion denied because the judge failed to rule within thirty days. Though narrow, this is an important, recurring issue of trial and appellate procedure, so we grant transfer to clarify: When (1) the nonmovant appeals from a trial court's order belatedly granting a motion to correct error, and (2) the nonmovant files the notice of appeal before the movant's deadline to appeal from what the trial rules deem a denial of the motion, then the movant may cross-appeal any issues it preserved in the trial court, not just issues in its motion to correct error.

# Facts and Procedural History

Shaw Friedman was the LaPorte County attorney when Timothy Stabosz was the county auditor. After Stabosz made statements in emails and social media posts about Friedman's professional conduct, Friedman sued, alleging that Stabosz defamed him. At the conclusion of a five-day trial, the jury returned a defense verdict for Stabosz.

Friedman then filed a motion to correct error requesting a new trial based on five arguments: (1) the verdict was against the weight of the evidence; (2) the trial court instructed the jury incorrectly; (3) the trial court improperly excluded expert testimony; (4) a juror undertook an extrajudicial investigation; and (5) the trial court wrongly declined to take judicial notice of the second amended complaint. The trial court held a hearing on the motion, and after thirty days passed without a ruling, Trial Rule 53.3(A) deemed the motion denied on September 23, 2024. Ind. Trial Rule 53.3(A); T.R. 6(A). But three days later, the trial court entered an order belatedly granting the motion and ordering a new trial based on the instruction issue.

Stabosz then filed a motion to set aside that order, arguing the order was void because the trial rules already deemed the motion to correct error denied. The trial court granted that motion the day after it was filed,

rescinding the belated order. But then Friedman filed a motion to reconsider, and the trial court came full circle, granting that motion and reinstating its order granting the motion to correct error and ordering a new trial.

Stabosz appealed, arguing that the order belatedly granting the motion to correct error was void because the trial rules already deemed the motion denied. And besides, he argued, the motion should have failed on its merits anyway. Since Stabosz filed his notice of appeal on October 17, a few days before Friedman's deadline to appeal from what the rules deemed a denial of his motion to correct error, Friedman cross-appealed rather than filing his own notice of appeal.

Through his cross-appeal, Friedman raised the issues he had pressed in his motion to correct error plus two others. One of the additional arguments was that the trial court erred in excluding a photograph that Friedman argued contradicted testimony that a witness wasn't part of a group called the Oath Keepers. The other additional argument was that the trial court erred in excluding evidence Friedman believed showed that what he alleged was Stabosz's defamation was part of a pattern where Stabosz used similar language about others.

In a published opinion, the Court of Appeals vacated the belated order granting the motion to correct error, agreeing with Stabosz that his appeal voided the belated order. *Stabosz v. Friedman*, 274 N.E.3d 480, 485, 489 (Ind. Ct. App. 2025). For Friedman's cross-appeal, the court rejected his arguments and reinstated the jury verdict. *Id.* at 486–89. Critical here, the court refused to consider Friedman's two cross-appeal arguments that he had not raised in his motion to correct error. *Id.* at 489 n.9.

The Court of Appeals believed our decision in *Cavinder Elevators, Inc. v. Hall*, 726 N.E.2d 285 (Ind. 2000), forbade it from reaching those issues. In that case, we explained: "If the trial court belatedly grants a motion to correct error before" the movant "initiates an appeal but during the time period within which such party is entitled to appeal from the deemed denial, the party may assert as cross-error the issues presented in its 'deemed denied' motion to correct error." *Id.* at 289 n.4. The Court of Appeals read that discussion as more than just reassuring a movant that

they can preserve their cross-appeal right without having to appeal from what the trial rules deem a denial of their motion that was later granted, but also as a limitation that cross-appeal issues cannot extend beyond the issues in the motion to correct error.

Friedman then petitioned for transfer, which we grant, thereby vacating the Court of Appeals' opinion. Ind. Appellate Rule 58(A).

## Discussion and Decision

As we explain below, the trial court's order—which belatedly granted the motion to correct error even though the trial rules already deemed the motion denied—was not a nullity, but it was voidable by Stabosz appealing it, which he did. The question presented is whether Friedman's cross-appeal was limited to only issues he raised in his motion to correct error (as the Court of Appeals concluded), or whether instead Friedman could raise all issues he preserved in the trial court (as he argues). We agree with Friedman that his cross-appeal is not limited to the scope of his motion to correct error.

To explain why, we begin by reviewing in Part I the default appellate procedure. In Part II we discuss the confusion that arises when a trial judge belatedly grants a motion to correct error that the trial rules already deemed denied and our Court's precedent establishing the appellate framework when that happens. Finally, in Part III we turn to applying that framework in this case, concluding that Friedman's view that his cross-appeal was not limited to the scope of his motion to correct error better aligns with both our rules and precedent.

## I.    Default Appellate Procedure

Generally, a party may appeal from a final judgment by filing a notice of appeal within thirty days after the trial court enters judgment. App. R. 9(A). But before appealing, the party may file a motion to correct error asking the trial court to correct a mistake in the judgment. T.R. 59. Although a party may file a motion to correct error before appealing, it

isn't required to unless it claims new evidence or challenges the verdict as inadequate or excessive, in which case it must. T.R. 59(A). "All other issues and grounds for appeal appropriately preserved during trial may be initially addressed in the appellate brief." *Id.*

The deadline to file the motion is thirty days after the trial court enters judgment, T.R. 59(C), and the motion is "deemed denied" if the court fails to rule within thirty days after the hearing (or within forty-five days after the motion is filed if there is no hearing), T.R. 53.3(A). When a party files a motion to correct error, that changes the appeal deadline, which becomes thirty days after the trial court rules on the motion. App. R. 9(A)(1). If the motion is "deemed denied" by Trial Rule 53.3, then the appeal deadline is thirty days later. App. R. 9(A)(1).

There is a gray area, though.

## II. Belated Grants of Motions to Correct Error That the Trial Rules Already Deemed Denied

Sometimes, after Trial Rule 53.3(A) deems the motion to correct error denied, the trial judge enters an order granting the motion anyway. A trial judge who does that puts the movant in a tough spot. Appellate Rule 9(A) would seem to still require the movant to appeal, which is awkward because the motion was ultimately granted, albeit belatedly. And if the nonmovant might acquiesce to the trial court's decision to grant the motion anyway, then an appeal seems especially inefficient and counterproductive. With all that in mind, our Court carved an exception from the rule requiring the movant to appeal from what the trial rules deem a denial of the motion to correct error.

We carved the exception in *Cavinder Elevators, Inc. v. Hall*, 726 N.E.2d 285 (Ind. 2000). In that personal injury case, the trial court granted summary judgment for the defendant, Cavinder Elevators, and Hall then filed a motion to correct error based on newly discovered evidence. *Id.* at 286. After Hall's motion was deemed denied, he appealed, but the trial court then belatedly granted the motion, so Hall stopped pursuing his appeal. *Id.* at 286–87. Cavinder Elevators then appealed the belated order,

arguing it was a nullity, and Hall defended the order by relying on the newly discovered evidence that was the basis of his motion. *Id.* at 287.

We reached a couple of key holdings.

### A. Belated orders are voidable rather than void.

First, we held that a belated grant of a motion to correct error "is not necessarily a nullity but rather is voidable and subject to enforcement of the 'deemed denied' provision of Trial Rule 53.3(A) in the event the party opposing the motion to correct error promptly appeals." *Id.* at 288. Otherwise, if we treated the order as a nullity, then the nonmovant couldn't appeal from it, and they would have to wait until after the retrial to appeal and argue there shouldn't have been a retrial in the first place. We thought that approach "would disserve the efficient administration of justice." *Id.* at 287.

Since Cavinder Elevators timely appealed, that voided the trial judge's belated order granting the motion to correct error, which led to the other holding.

### B. The movant can cross-appeal.

Second, we held that even though the order was void, and even though Hall had stopped pursuing his earlier appeal, he could still respond to Cavinder Elevators' appeal by cross-appealing to "seek appellate review of the merits of the 'deemed denied' motion." *Id.* at 288. Two reasons led us to conclude it would be unfair to treat Hall as having abandoned the claims he made in his own earlier, aborted appeal. *Id.* One reason was that Hall had received an order granting his motion. *Id.* And the other reason was that in response to Cavinder Elevators' subsequent appeal he re-raised through his cross-appellant's brief the issues he previously raised in his motion to correct error. *Id.*

We also concluded that treating Hall's appellate claims as abandoned would be inefficient. Since we presumed orders granting motions to correct error, even if belated, would normally both be correct and lead to a

more efficient disposition, we reasoned that "[s]ound judicial administration . . . counsels against requiring a party whose motion to correct error is belatedly granted nevertheless to perfect an appeal from the superseded but 'deemed denied' motion." *Id.*

At bottom, we anticipated that our interpretation and application of the rules would "substantially enhance both judicial efficiency and fairness to litigants by eliminating unnecessary, impractical, harsh, and unfair consequences." *Id.* at 289. But we also recognized that failing to impose an outer limit on when a party could seek appellate review following what the rules deem a denial of a motion to correct error would undermine finality and lead to inefficiencies too. So we noted it was important to our holding that Hall had timely appealed. *Id.* Otherwise, he could not have cross-appealed "claims abandoned by the failure to initiate a timely appeal upon the deemed denial of a motion pursuant to Rule 53.3(A)." *Id.* at 288.

While that imposed an outer limit, we also foresaw that this issue might arise *before* the movant filed a notice of appeal. In a footnote we acknowledged:

> If the trial court belatedly grants a motion to correct error before the party filing the motion to correct error initiates an appeal but during the time period within which such party is entitled to appeal from the deemed denial, the party may assert as cross-error the issues presented in its 'deemed denied' motion to correct error.

*Id.* at 289 n.4.

Confirming what we anticipated in that footnote, we held in a later case that the movant could cross-appeal even though, unlike Hall, the movant had not filed a notice of appeal. *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 96 (Ind. 2008). What mattered was that the nonmovant appealed the belated grant in the window when the movant could have appealed from what the trial rules deemed a denial of its motion, so the movant remained

"entitled to proceed by cross-appeal to obtain appellate review of the merits of the issues raised in the motion to correct error."[1] *Id.* at 97.

We reiterated that "*Cavinder Elevators* adopted a two-part rule." *Id.*

> First, if the opponent of a motion to correct error fails to timely appeal a belated grant of the motion, such opponent cannot claim on appeal that the trial court violated the time deadlines in T.R. 53.3(A). Second, if the proponent of the motion to correct error fails to timely appeal when it is deemed denied under T.R. 53.3(A), such proponent cannot by cross-appeal later raise the issues presented by its motion to correct error.

*Id.* And the limited exception to the second part was "when a trial court belatedly grants a motion to correct error before the expiration of the time within which the proponent of the motion may appeal the merits [of the] motion to correct error that is deemed denied under T.R. 53.3(A)." *Id.* We also reiterated that the exception "recognizes the probable correctness of a trial court's decision modifying its own previous ruling and permits the proponent of the belatedly-granted motion to delay initiating a possibly unnecessary appeal until ascertaining whether the opponent of the motion chooses to acquiesce in the belated ruling." *Id.*

---

[1] There is tension between *HomEq* and our earlier precedent in *Garrison v. Metcalf*, 849 N.E.2d 1114 (Ind. 2006). In *Garrison*, we held that the *Cavinder Elevators* exception didn't apply because the movant never filed a notice of appeal. *Id.* at 1115–16. *HomEq* does not acknowledge *Garrison*, but the Court of Appeals has reconciled the two cases by concluding what distinguishes them is that the appellant in *Garrison* not only failed to file a notice of appeal, but also failed to cross-appeal (merely making the arguments in an appellee's brief that was not labeled as a cross-appeal). *See Wurster Constr. Co. v. Essex Ins. Co.*, 918 N.E.2d 666, 676 (Ind. Ct. App. 2009) ("The timing of the trial court's belated grant in *HomEq* plus the proponent's cross-appeal—the factor missing in *Garrison*—caused the case to fall squarely within the Footnote 4 exception."). In this case, Friedman did not file a notice of appeal, but he did cross-appeal. Stabosz cites *Garrison* to support his argument that the belated order is void, but he does not argue that *Garrison* forecloses Friedman's cross-appeal.

Against that backdrop, we turn to the scope of Friedman's cross-appeal here.

## III.   Friedman's Cross-Appeal

The Court of Appeals sua sponte limited the scope of Friedman's cross-appeal to only issues he raised in his motion to correct error. For that limitation, the Court relied on the footnote in *Cavinder Elevators* that we discussed above. *Stabosz v. Friedman*, 274 N.E.3d 480, 489 n.9 (Ind. Ct. App. 2025), *vacated*. But we disagree, and based on our rules and precedent, we conclude that Friedman could cross-appeal all issues he preserved in the trial court.

### A.   Our rules permit the cross-appeal of all issues preserved in the trial court.

We begin with our rules. When appealing rather than cross-appealing, a "Motion to Correct Error is not a prerequisite for appeal" with just two exceptions—when claiming newly discovered evidence or that the verdict is too large or small. T.R. 59(A). For further confirmation, Trial Rule 59(D) says a motion to correct error "need only address those errors found in Trial Rule 59(A)(1) and (2)." The rule goes on to say that "[a]ll other issues and grounds for appeal appropriately preserved during trial may be initially addressed in the appellate brief." T.R. 59(A).

For a cross-appeal, the cross-appellant doesn't even need to file a motion to correct error to preserve the claims of newly discovered evidence or that the jury verdict is too large or small. Instead, Trial Rule 59(G) says that "if a Notice of Appeal rather than a motion to correct error is filed by a party, the opposing party may raise any grounds as cross-errors and also may raise any reasons to affirm the judgment directly in the appellate brief, including those grounds for which a motion to correct error is required when directly appealing a judgment under Sections (A)(1) and (2) of this rule."

Friedman pursues his claim through a cross-appeal, and in any event, he neither claims newly discovered evidence nor that the verdict is too

large or small, so he did not have to preserve any issues through a motion to correct error.

### B. *Cavinder Elevators* did not limit the scope of cross-appeals.

The Court of Appeals read *Cavinder Elevators* as engrafting another exception onto Trial Rule 59. The additional exception would be that a party must make an argument in its motion to correct error if the party will later make that argument in a cross-appeal following the belated grant of its motion (but not if the party appeals the timely denial of its motion). That view misapprehends our precedent. *Cavinder Elevators* was about *whether* the movant could cross-appeal, not the *scope* of that cross-appeal.

The confusion stems from our footnote in *Cavinder Elevators* explaining that a "party may assert as cross-error the issues presented in its 'deemed denied' motion to correct error." *Cavinder Elevators, Inc.*, 726 N.E.2d at 289 n.4. We said something similar in *HomEq*, reiterating that the movant may "by cross-appeal seek appellate review of the merits of its motion to correct error." *HomEq Servicing Corp.*, 883 N.E.2d at 97. The Court of Appeals understood this to mean that the cross-appeal could cover *only* the merits of the motion to correct error.

To be sure, our earlier statements acknowledge only a cross-appeal raising the same issues as the motion to correct error. But that is because the motion to correct error issues were the only issues the cross-appellants in those cases were trying to raise through their cross-appeal; they weren't trying to raise issues outside their motion to correct error. So our prior statements shouldn't be read as addressing those arguments at all, let alone foreclosing them. And nothing in our precedents suggests we were, on one hand, extending the opportunity to cross-appeal and then, on the other hand, narrowing the scope of that cross-appeal.

To the contrary, our holdings in *Cavinder Elevators* and *HomEq* were driven by concerns about fairness and efficiency, and those same concerns militate against limiting the scope of a cross-appeal. Under the Court of

Appeals' view, a party in Friedman's position would be worse off with a belated grant of their motion than a timely denial. As we discussed above, typically, a party need not include all appeal issues in a motion to correct error.

So if the trial court timely denied Friedman's motion to correct error, then under the Court of Appeals' view, he could raise on appeal all issues he preserved in the trial court, not just those he mentioned in his motion to correct error. But the Court of Appeals believed that when the trial court belatedly granted his motion, that limited the scope of his cross-appeal to only the issues in his motion. He could still file a protective notice of appeal to preserve his other claims rather than including them in his cross-appeal, but there is nothing in our rules or precedent suggesting there is any need for that additional step. And it is neither fair nor efficient to depart from the default rule and instead compel a movant to include all potential appeal issues in the motion to correct error just to protect against the possibility that the motion may be granted belatedly.

Friedman's view also better aligns with the basic purposes that cross-appeal rules serve. A cross-appeal allows an appellee who is largely content with a judgment to avoid the risk and expense of an appeal unless and until the opponent decides to appeal first. Once the opponent does appeal, the cross-appeal rules restore the appellee to the position it would have occupied in an ordinary appeal from the final judgment—able to raise any properly preserved issue, not just the subset in a motion to correct error. *See Hardley v. State*, 893 N.E.2d 1140, 1146 n.6 (Ind. Ct. App. 2008) ("Once raised, cross-appeal issues are treated identically to issues raised by the appellant."), *summarily aff'd*, 905 N.E.2d 399 (Ind. 2009).

In sum, we agree with Friedman that Trial Rule 59's text and our precedent interpreting that rule and Rule 53.3(A)'s "deemed denied" provision all confirm that his cross-appeal was not limited to the issues he raised in his motion to correct error.

# Conclusion

We remand to the Court of Appeals to consider in the first instance the issues in the cross-appeal that the court noted in footnote nine of its opinion that it was declining to address. We summarily affirm the Court of Appeals in all other respects.

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANT
Michael P. Smyth
Andrew B. Jones
Jones Law Office LLC
South Bend, Indiana

Margaret M. Christensen
Sarah Katherine Jackson
Dentons Bingham Greenebaum LLP
Indianapolis, Indiana

Harold G. Hagberg
Crown Point, Indiana

ATTORNEYS FOR APPELLEE
Robert J. Palmer
R. William Jonas, Jr.
May Oberfell Lorber
Mishawaka, Indiana