**Paul Edward KOVACIK, Appellant–Petitioner,**

v.

**Laurie Beth KOVACIK, Appellee– Respondent.**

No. 45A04–9306–CV–220.

Court of Appeals of Indiana, Fourth District.

March 29, 1994.

Martell B. Royer, Hammond, for appellant.

James M. Kapitan, Sachs and Hess, P.C., Hammond, for appellee.

CHEZEM, Judge.

### Case Summary

Petitioner-appellant Paul Kovacik ("Paul") appeals the trial court's order granting re- spondent-appellee Laurie Beth Kovacik's ("Laurie") motion to correct error. We af- firm.

### Issue

Paul presents one issue for our review, which we restate as follows: Whether the motion to correct error was deemed denied because the trial judge failed to hold a hear- ing on the motion within forty-five (45) days or because the court failed to enter an order on the motion within thirty (30) days after the hearing pursuant to Indiana Trial Rule 53.3(A).

### Facts and Procedural History

The petition for dissolution of marriage was filed by Paul on April 5, 1991. The trial court entered a partial decree dissolving the marriage on November 18, 1991, and contin- ued the final hearing for further evidence as to property distribution. On August 3, 1992, the trial court entered the balance of the decree, which included the following finding of fact in paragraph 17(c):

> Laurie did, however, contribute equally to the household expenses in the parties short marital relationship and, with her brother-in-law, performed some labor in the renovation of the home. On the basis of Laurie's own evidence, the maximum of the value thereof may be $3,000.00. And do, giving her the benefit of the doubt, that should be the maximum of her entitlement.

However, the trial court's order concerning the distribution of marital property did not include the $3,000 referred to in paragraph 17(c). On August 19, 1992, Laurie filed a motion to correct errors pursuant to Indiana Trial Rule 59, which asked the court to amend its order to include the $3,000. The court set a hearing on the motion for either September 10 or 11, 1992, which did not take place.[1] On February 1, 1993, Laurie re- quested that the hearing be reset. A hear- ing by telephonic conference took place on February 23, 1993, and the court orally granted Laurie's motion to correct error. A

---

1. The record is unclear as to the date on which the hearing was scheduled. The docket sheet reflects a hearing set for September 11, 1992, but a CCS Entry Form shows the hearing set for September 10, 1992. This confusion may be the reason that the hearing did not take place on either date.

written recitation, nunc pro tunc, of the court's order of February 23, 1993, was not filed with the clerk of the court until June 24, 1993.

### Discussion and Decision

■ First, Paul argues that the trial court was deemed to deny Laurie's motion to correct error because the court failed to hold a hearing on the motion within forty-five (45) days of filing. We disagree.

Indiana Trial Rule 53.3(A) provides that a motion to correct errors is deemed denied if the trial court fails for forty-five (45) days to set a hearing, or fails to rule on the motion within thirty (30) days after it was heard or forty-five (45) after it was filed, if no hearing is required. In this case, Laurie's motion was filed on August 19 and the trial court set a hearing on the motion for either September 10 or 11, which was twenty-two (22) or twenty-three (23) days later. Although the hearing did not take place until well after the forty-five (45) day period, it was *set* within the period. The rule specifically requires a hearing to be set within forty-five (45) days, not that a hearing actually take place within that timeframe. T.R. 53.3(A). By requiring only that the hearing be set by a certain date, the rule recognizes that circumstances such as schedule conflicts and court calendar congestion can often unavoidably delay hearings. We refuse Paul's invitation to change the requirements of T.R. 53.3(A).

■ Having rejected Paul's argument concerning the timing of the hearing, we turn to the issue of whether the trial judge ruled within the time allotted by T.R. 53.3(A). Paul argues that the trial court's nunc pro tunc order of February 23, 1993, was a nullity. He asserts that Laurie's motion was deemed denied because the hearing and ruling occurred outside of T.R. 53.3(A)'s timeframe.

Paul points to the fact that the order was not received by the clerks' office until June 24, 1993, as evidence that the judge did not rule on the motion within thirty (30) days after the hearing as required by T.R. 53.3(A). Further, he correctly states that according to T.R. 53.1(C) a court is deemed to have ruled at the time the decision is entered into a public record of the court or when the decision is filed with the clerk of the court. Therefore, Paul concludes, the trial court's order was a nullity because it was not entered in the court's record within the thirty (30) day period.

■ Paul's argument conveniently ignores the definition of a nunc pro tunc entry. Both Paul and Laurie agree that the trial judge orally granted Laurie's motion to correct errors, during the hearing on February 23, 1993, which was within the thirty (30) day period. However, a written nunc pro tunc order granting the motion was not filed with the court clerk until June 24, 1993. A nunc pro tunc entry is "an entry made now of something which was actually previously done, to have effect as of the former date." *Perkins v. Hayward* (1892), 132 Ind. 95, 31 N.E. 670. Such entries may provide a record of an act or event which is not noted in the court record. *Neuenschwander v. State* (1928), 200 Ind. 64, 161 N.E. 369. Therefore, although the trial court was tardy in filing its order with the court clerk, the written order had effect as of the date of the oral order, February 23, 1993. The motion to correct error was not deemed denied because the trial court did comply with the T.R. 53.3(A) time limits.

Affirmed.

RILEY and BAKER, JJ., concur.