# ROCKY RIVER FIREFIGHTERS ASSOCIATION, LOCAL 659, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS

v.

## CITY OF ROCKY RIVER.

Court of Common Pleas of Ohio,
Cuyahoga County.

No. 287964.

Decided Oct. 4, 1996.

*Joseph W. Diemert, Jr.,* and *Thomas M. Hanculak,* for plaintiff.

*David J. Matty,* Rocky River Director of Law, and *Michael R. Gareau,* for defendant.

———

THOMAS PATRICK CURRAN, Judge.

This dispute originated as a complaint for declaratory judgment by the Rocky River Firefighters Association, Local 659 of the International Association of Firefighters (hereinafter "Firefighters"). The plaintiff Firefighters contend that the city of Rocky River and its control persons have breached a certain collective bargaining agreement between Rocky River ("employer") and the Firefighters dated January 20, 1994. The preamble to this agreement states:

"It is the purpose of this Agreement to establish proper standards of wages, hours and other conditions of employment and to assure the rights of both employees and the City of Rocky River, representing its citizens."

The Firefighters contend that the city violated Article 13 of the agreement when the city enacted Rocky River Ordinance 1–95 on January 9, 1995. This ordinance modified the composition of the city's fire division by eliminating one captain and adding one firefighter.

Each party to this dispute seeks declaratory judgment, and each party has filed cross-motions for summary judgment.

At issue is whether Article 1 of the agreement takes precedence over Article 13. Article 1 provides as follows:

"ARTICLE 1.   <u>MANAGEMENT RIGHTS</u>

"Subject to the Constitution and Laws of the State of Ohio and the Charter and Ordinances of the City of Rocky River, and the Articles of this Agreement, the City shall have the exclusive right to manage the operations, control the premises, direct the working forces and maintain efficiency of operations. Specifically, the City's exclusive rights include, but are not limited to, the sole right to hire, discipline and discharge for just cause; to lay off and promote; to promulgate and enforce reasonable employment rules and regulations; to reorganize, discontinue or enlarge any department or division, to transfer employees (including the assignment and allocation of work) within the division; to introduce new and/or improved equipment, methods and/or facilities, to determine work methods, to determine the size and duties of the work force, the number of shifts required and work schedules; to establish, modify, consolidate or abolish jobs (or classifications) and to determine staffing patterns including, but not limited, to

assignment of employees, numbers employed, duties to be performed, qualifications required and areas worked."

Article 13 provides as follows:

"ARTICLE 13.   PREVAILING RIGHTS

"All Ordinances relating to wages, hours, and terms and conditions of employment in effect at the present time concerning the Fire Division which are not addressed or included in this Agreement shall remain in full force, unchanged or unaffected in any manner, during the term of this Agreement unless changed by mutual consent."

Firefighters contend that Ordinance 1–95 amended a longstanding fire-manning ordinance without the mutual consent of the Firefighters as mandated by the agreement.   The Firefighters contend that there is an ongoing dispute concerning the conditions of employment as well as the interpretation and application of the collective bargaining agreement.   The Firefighters filed a grievance on January 20, 1995.   Thereafter, the parties engaged in an administrative/procedural skirmish leading to the instant litigation.

At the time the Firefighters and the city entered into this agreement, Rocky River maintained a fire-department-manning ordinance that set forth the composition of the fire department.   Section 141.01 of the Codified Ordinances of the City of Rocky River mandated that the fire department consist of the following:

Fire Chief

Four Captains

Six Lieutenants

Nine Regular Firemen

Three Extra Firemen

The Firefighters contend that this manning ordinance relates to terms and conditions of employment.   Plaintiff contends that any change in the department's composition affects promotions.   The collective bargaining agreement does not address or include within its four corners any issues of manning or composition of the fire department.

The parties to this litigation have entered into many fact stipulations.   According to Fact Stipulation No. 9, Ordinance 1–95 was enacted without the consent of the Firefighters.   The Firefighters contend that Ordinance 1–95 has the effect of amending Codified Ordinance 141.01 without their consent and that the city breached the prevailing rights clause of the agreement.

The position of the city is that Ordinance 1–95 does not conflict with the prevailing rights clause because Ordinance 1–95 relates exclusively to manage-

ment rights, and, essentially, that the subject matter of Ordinance 1–95 does not pertain to wages, hours, terms, and conditions of employment.

Although numerous cases are cited by the adverse parties in support of their respective sides, it appears to this court that this is a case of first impression. No controlling precedent has been cited by either side.

## MANAGEMENT RIGHTS

We begin with the observation that, generally speaking, Rocky River has plenary management rights, as are acknowledged by Article I of the agreement. These management rights are distinct from those of Article 13, known as the prevailing rights. The court's task is not made easier by deciding whether Article I is superior to Article 13 or vice versa. Expressly, Article I grants to the city the power to reorganize, discontinue, or enlarge any department or division. In addition, the city has the power to transfer employees within the division. Other express powers include the power to determine work methods and *to determine the size and duties of the work force.*

On the other hand, the prevailing-rights clause of Article 13 implicitly grants to the union the power to veto any ordinances relating to wages, hours, and terms and conditions of employment in effect at the time of the execution of the agreement and not otherwise addressed in the agreement. By Ordinance 1–95, the city modified its fire department by eliminating one captain and adding one firefighter. By the letter of the agreement, this modification would seem to satisfy management rights and be unaffected by so-called prevailing rights. However, the city's management rights are not absolute. Nor can it be said that the union is able to expand the city's management rights by contract when otherwise such management rights are limited by the Constitution of the state of Ohio and the laws enacted pursuant thereto.

In general, municipalities have the authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary, and other regulations which are not in conflict with state law. Sections 3 and 7, Article XVIII, Ohio Constitution.

A municipality, however, may not make personnel decisions that jeopardize the community's health, safety, and welfare. *Cleveland Police Patrolmen's Assn. v. Voinovich* (1984), 15 Ohio App.3d 72, 74–75, 15 OBR 101, 103–105, 472 N.E.2d 759, 762–764; see, also, *McNea v. Voinovich* (1982), 70 Ohio St.2d 117, 24 O.O.3d 193, 435 N.E.2d 420. However, in deciding whether the ordinance at issue should be negated, this court is not prepared to declare that the elimination of one ranking officer (a captain) in favor of the addition of one firefighter constitutes a threat to the safety, health, and welfare of the community. The

better question, in the context of the instant dispute, is whether the purpose of the reorganization (elimination of one captain and the addition of one firefighter) is so fundamental in scope as to constitute a modification of the terms and/or conditions of employment in effect at the time of the execution of the agreement. In looking behind the purpose of the agreement, the court has been informed that the city eliminated a ranking officer in charge of fire prevention in favor of a firefighter. This appears to be an extraordinary departure from customs and practices in Cuyahoga County. In fact, virtually every municipality within Cuyahoga County has established a ranking officer in charge of fire prevention. According to the affidavit of Marcella Clark of Rocky River, these positions throughout the various municipalities have been assigned and established sometimes by ordinance, as well as sometimes by "ordinance with union approval" and even sometimes "through the union." Information submitted by the plaintiff also corroborates the fact that the appointment of a ranking officer in charge of fire prevention is the rule rather than the exception. The fire prevention officer is charged with enforcing the Ohio Fire Code, Ohio Adm.Code Chapter 1301:7. See Chapter 1301:7–1, Administration and Enforcement. This is a matter of great public and general interest. The "fire officer" or "code officer" is required by law to investigate every fire or explosion of a suspicious nature. He or she must take immediate possession of all physical evidence, as well as take steps to prevent access by any person or persons to any building involved until the evidence has been properly processed. The officer has the duty of notifying persons designated by law to pursue situations of a criminal nature. The code officer must maintain incident reports and civilian casualty reports. The work of this officer must comport with national standards. The officer is obligated to deal with the State Fire Marshal in a manner approved by the State Fire Marshal. This officer is clothed with immunity from civil action under R.C. 9.86 unless his actions are manifestly outside the scope of his employment. The officer is required to be indemnified under the Ohio Administrative Code. The code officer must conduct fire safety inspections for child day-care centers and foster homes. The fire prevention officer is obligated to eliminate or reduce fire hazardous conditions. According to the Seventeenth Edition of the Fire Prevention Handbook:

"Fire inspectors or fire prevention officers should be selected for these tasks based on their technical training, expertise, and their ability to motivate people. Individuals in this position are responsible for conducting fire inspections and also may be responsible for division duties, including fire investigations, public education, or plans review, among others."

While one may argue, in a vacuum, that the city is within its rights under the management clause in rearranging its staff, the right of a municipality to execute

fundamental changes of paramount importance not only to a bargaining unit but also to the community may well be said to affect terms and conditions of employment. In the absence of specific guiding precedent on this topic, this court holds that the purported change is so paramount as to invoke terms and conditions of employment. This court holds, therefore, that the elimination of a ranking officer who was in charge of fire prevention in favor of the appointment of a firefighter to accomplish the same task constitutes an entree by the city into the prevailing-rights clause.

## CONCLUSION

This court holds that Ordinance 1–95 constitutes a breach of the collective bargaining agreement between the city of Rocky River and the Rocky River Firefighters Association, Local 659 of the International Association of Firefighters. Accordingly, plaintiff's motion for summary judgment is granted and the city's motion for summary judgment is denied. This court will issue a supplemental order that is in harmony with this ruling granting the specific relief requested by the plaintiff.

*Judgment accordingly.*

Supplemental Order with Addendum

Decided Dec. 11, 1996.

THOMAS PATRICK CURRAN, Judge.

Consistent with this court's order of October 4, 1996, it is further ordered:

1. This order is supplemental to this court's order of October 4, 1996. The original order of October 4, 1996 and this supplemental order involve a certain collective bargaining agreement between plaintiff and defendant effective from January 1, 1994 through December 31, 1996. Nothing contained herein shall be construed as limiting the parties' ability to negotiate, change, limit, or eliminate any provision of the aforesaid agreement either by way of voluntary agreement and mandatory dispute resolution as provided for in R.C. Chapter 4117. Said resolution shall include, but not be limited to, the provisions contained in R.C. 4117.14.

2. Rocky River Codified Ordinance 1–95, which sought to amend Section 141.01 of the Codified Ordinances of the city of Rocky River, is declared to be in violation of the collective bargaining agreement between the city of Rocky River ("employer") and the Rocky River Firefighters Association Local 659 of the International Association of Firefighters ("Firefighters"), and is therefore de-

clared to be void and held for naught with respect to the collective bargaining agreement specified in paragraph 1 hereof.

3. The city is ordered to follow the provisions of Codified Ordinance 141.01 with respect to the position of captain, and thus is ordered to provide for the position of four fire captains retroactive to January 9, 1995 and to continue during the duration of the subject collective bargaining agreement or until this order is either modified by any subsequent order or modified as provided for in paragraph 1 hereof.

4. Consistent with this court's order of October 4, 1996, the city is ordered to assign one of the aforesaid four captains to be in charge of the fire prevention office, as was the case prior to January 9, 1995, and is further ordered to follow the procedures and practices in place prior to January 9, 1995.

5. The city and its appointing authority are further ordered to fill all vacancies that existed as of January 9, 1995 in the position of fire captain, and any backfill vacancies in the position of fire lieutenant. To fill these vacancies, the city and its appointing authority are ordered to follow and implement the provisions of Section 141.01 of the Codified Ordinances of Rocky River relating to the staffing of captains as aforesaid, and to adhere to any applicable provisions of the Ohio Revised Code, and to utilize the promotional lists for captain and lieutenant carrying out the provisions of paragraph 4 hereof.

6. It is further ordered that all firefighters promoted pursuant to this order are to be given full and continuous seniority of the promoted rank retroactive to the date the respective vacancy occurred.

7. The city of Rocky River is ordered to pay back wages to all firefighters promoted as a result of this order, retroactive to the date of the respective vacancy in the promoted positions. The actual amount paid shall be determined by calculating the difference between the hourly rates of the promoted position and the former position, as set forth in the collective bargaining agreement between the parties.

8. Based upon the facts as stipulated by the parties and the events that have actually occurred subsequently, the city and its appointing authority are ordered to promote the following firefighters retroactively, with full seniority to the date set forth and with back wages as more fully outlined in the attached chart:

| FIRE FIGHTER | PROMOTED RANK | RETROACTIVE DATE OF PROMOTION | BACKWAGE PERIOD: |
|---|---|---|---|
| Thomas Winar | Captain | 1/9/95 | 1/9/95–1/31/95 |
| George Kraus | Lt. | 1/9/95 | 1/9/95–1/31/95 |
| Robert T. Rodgers | Captain | 2/1/95 | 2/1/95–3/31/96 |
| Steven C. Bichsel | Lt. | 2/1/95 | 2/1/95–3/31/96 |
| Leonard Simecek | Captain | 4/1/96 | 4/1/96–4/26/96 (Retired) |
| Christopher Flynn | Lt. | 4/1/96 | 4/1/96–5/5/96 |
| Randy Jones | Captain | 5/6/96 | 5/6/96—Continuing |
| Sandra Wolfe | Lt. | 5/6/96 | 5/6/96—Continuing |

---

ADDENDUM

Decided Dec. 12, 1996

Back pay is to be paid with interest at the legal rate. This is to be calculated as of the accrual date of each paycheck.

This concludes the case. This is now a final ORDER.

*Judgment accordingly.*