**Thomas L. JOHNSON & Carole L. Johnson, Appellants–Plaintiffs,**

v.

**JOHNSON COUNTY BOARD OF ZONING APPEALS, Appellee–Respondent.**

**No. 41A01–0002–CV–45.**

Court of Appeals of Indiana.

Aug. 3, 2000.

Jack Rogers, Franklin, Indiana, Attorney for Appellants.

Jeffrey C. Eggers, Franklin, Indiana, Attorney for Appellee.

**OPINION**

HOFFMAN, Senior Judge

Plaintiffs–Appellants Thomas L. and Carole. L. Johnson (the "Johnsons") appeal the trial court's dismissal of their petition for writ of certiorari filed against Respondent–Appellee Johnson County Board of Zoning Appeals (the "Board"). We dismiss.

The following issue is dispositive: whether the Johnsons' appeal should be dismissed because they failed to timely file the praecipe under our appellate rules.

On August 2, 1999, the Johnsons filed a petition for writ of certiorari challenging the Board's decision to limit the transferability of a special exception. The Board responded to the Johnsons' petition by filing a motion to dismiss for failure to state a claim, which the trial court granted on September 22, 1999. On October 12, 1999, the Johnsons timely filed a motion to correct error. On December 28, 1999, the trial court issued a written denial of the motion, and on January 19, 2000, the Johnsons filed their praecipe.

Ind.Trial Rule 53.3(A) provides that "[i]n the event a court ... fails to rule on a Motion to Correct error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied." The rule further provides that "[a]ny appeal shall be initiated within thirty (30) days after the Motion to Correct Error is deemed denied." A trial court has no power to rule on a motion to correct error after the time designated by the rule has passed,

---

and any subsequent ruling is a nullity.[1] *Rose v. Denman*, 676 N.E.2d 777, 781 (Ind. Ct.App.1997); *Roscoe v. Roscoe*, 673 N.E.2d 820, 821 (Ind.Ct.App.1996); *Moran v. Cook*, 644 N.E.2d 179, 180 (Ind.Ct.App. 1994). A timely appeal is initiated when the praecipe is filed within thirty days of the day the motion to correct error is deemed denied. Ind.Appellate Rule 2(A). Failure to timely file the praecipe is a jurisdictional matter requiring dismissal of the appeal. *Roscoe, id.*

Here, the Johnsons' motion to correct errors was deemed denied on November 29, 1999. The praecipe should have been filed within thirty days of the deemed denial. The filing of the praecipe on January 19, 2000 was well outside the thirty-day period. The Johnsons' failure to timely file the praecipe divests this court of jurisdiction. Accordingly, we dismiss the appeal.

KIRSCH, J., and NAJAM, J., concur.

---

1. None of the exceptions listed in T.R. 53.3(B) or (D) apply here. Furthermore, the exception delineated by our supreme court in *Cavinder Elevators, Inc. v. Hall*, 726 N.E.2d 285 (Ind.2000), does not apply. In *Cavinder*, a majority of the court held that a trial court's grant of a motion to correct errors outside the time limits listed in T.R. 53.3 may be transformed from the status of a "nullity" to the status of "voidable." *Id.* at 289. This occurs, however, only when the party originally filing the motion to correct errors timely files a praecipe after the deemed denial of the motion. *Id.*