Linda Marie OSTERTAG,
Appellant–Defendant,

v.

Michael Lee OSTERTAG, Sr.,
Appellee–Plaintiff.

No. 10A05–0011–CV–478.

Court of Appeals of Indiana.

Sept. 25, 2001.

Vicki L. Carmichael, Jeffersonville, IN, Attorney for Appellant.

Dawn R. Elston, Jeffersonville, IN, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge.

Linda Ostertag appeals the amended decree of dissolution of marriage entered by the trial court on April 20, 2000. She challenges the court's calculation of child support to be paid by Michael Ostertag and several aspects of the trial court's valuation and division of marital assets. Michael, however, asserts that Linda's appeal is untimely and must be dismissed.

We dismiss.

The record reveals that the original decree of dissolution was entered on September 10, 1999. Linda filed a timely motion to correct error. Following a hearing, which was rescheduled several times, the trial court granted Linda's motion to correct in part and entered an amended decree on April 20, 2000. Thereafter, on May 12, Michael filed a motion to correct error. On May 24, the trial court reset the original hearing date of June 1 to June 20. The entry on May 24 is the last reference in the record to Michael's motion to correct error, and the record is silent as to what occurred, if anything, on June 20.

After the May 24 entry, the chronological case summary reveals the following events:

5/26/00   Linda files petition for citation and rule to show cause. Hearing set for June 20, 2000.

7/31/00   Michael files motion to reassign

cause for hearing.[1] Order granted and hearing set for October 17, 2000.

10/3/00 Michael files motion for writ of assistance and possession of personal property.

10/9/00 Linda files response to motion for writ for assistance and possession of personal property.[2]

10/17/00 Hearing held on petitions for rule to show cause and upon writ for assistance to retrieve personal property.

10/23/00 Praecipe filed by Linda.

Michael challenges our jurisdiction to hear this appeal and directs us to the apparent void in the record regarding his motion to correct error. Despite Michael's challenges, Linda failed to file a reply brief and failed to supplement the record or direct us to portions of the record that would demonstrate her appeal is timely.

■ Ind. Trial Rule 53.3(A)[3] provides the following time limitation for ruling on a motion to correct error:

> In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the praecipe under Appellate Rule 2(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

Thus, a timely appeal is initiated when the praecipe is filed within thirty days after the trial court's ruling on a motion to correct error or thirty days after such motion is deemed denied. Ind. Appellate Rule 2(A). "Failure to timely file the praecipe is a jurisdictional matter requiring dismissal of the appeal." *Johnson v. Johnson County Bd. of Zoning Appeals*, 732 N.E.2d 865, 866 (Ind.Ct.App.2000).

■ Here, the record does not reveal what occurred with respect to Michael's motion to correct error after the hearing was rescheduled on May 24, 2000. The record simply reveals that a hearing on the motion was scheduled for June 20. If the hearing was held on that date, then the motion would have been deemed denied on July 20, and Linda's appeal would be untimely. On the other hand, the hearing may have been canceled anytime between May 24 and June 20. On this record, we have no means of determining whether the hearing was rescheduled within forty-five days. Further, in her Statement of the Case, Linda claims that the hearing on the motion to correct error was continued to October 17. The record reveals, however, that the motion to correct error was not addressed during the October 17 hearing.

In sum, we conclude that Linda has failed to demonstrate that she timely filed her praecipe, and we cannot infer our own jurisdiction on such a slender record. *See Wesley v. State*, 696 N.E.2d 882, 883 (Ind. Ct.App.1998) ("burden was on [appellant] to show by the record on appeal that he had filed a praecipe within the time allowed") (citing *Farmers Loan & Trust Co. of Tipton v. Manning*, 142 Ind.App. 519, 523, 236 N.E.2d 52, 55 (1968) ("failure to meet this burden cannot be cured by in-

---

1. This motion is not included in the record.

2. In this response, Linda noted that her petition for contempt citation was set for hearing on October 17 and requested the court to set Michael's motion for writ of assistance and possession of personal property for hearing at the same time. She made no mention of a hearing on Michael's motion to correct error.

3. Rules cited herein refer to the former versions that were effective until January 1, 2001.

dulging in inferences or presumptions in favor of the appellant")). Accordingly, we must dismiss the appeal.

Dismissed.

RILEY, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

The majority dismisses Linda's appeal upon the grounds that her praecipe was filed late. Such dismissal prevents Linda from ever obtaining a decision on the merits. Although I agree with the majority that Linda's appeal should be dismissed, I believe that this is so because her praecipe was filed early. I believe that, under the proper circumstances, Linda should be able to present her appeal to this court; therefore, I respectfully dissent.

It is true that the record contains no direct mention of what occurred with respect to Michael's motion to correct error after the hearing thereon was rescheduled for June 20. I also agree with the majority that, if a hearing actually took place upon this date, then Michael's motion to correct error would have been deemed denied on July 20, thirty days after the date of the hearing.[4] *See* Ind.Trial Rule 53.3(A).

Nonetheless, there is nothing in the record to suggest that a hearing was held on June 20, as there is no record entry in the CCS for June 20. In addition, on July 31, when Michael petitioned to "reassign the cause" for hearing, the only matter he had pending before the trial court was his motion to correct error, and his petition must have been addressed to this motion. Thus, when the trial court reassigned the cause for an October 17 hearing, it would have

been referring to Michael's motion to correct error. Furthermore, the hearing on Linda's petition for citation and rule to show cause, which was originally scheduled to be heard along with Michael's motion to correct error on June 20, was not heard until October 17. This makes it unlikely that Michael's motion to correct error, but not Linda's petition was heard on June 20. All of this indicates that the trial court did not hear Michael's motion on June 20, but instead rescheduled the hearing for October 17.

The majority, conceding that the June 20 hearing may have been canceled, proceeds to state that Linda's appeal must be dismissed because we have no means of determining whether the hearing was rescheduled within forty-five days of the originally scheduled date. As noted above, my reading of the record is that on July 31, Michael's motion was rescheduled for a hearing on October 17. Thus, it would appear that the hearing was rescheduled within forty-five days of the original hearing date. Be that as it may, I can find no support for the majority's position that a hearing must be rescheduled within forty-five days of the original hearing date. Indeed, the case law seems to indicate quite the contrary.

In *Kovacik v. Kovacik,* 631 N.E.2d 509 (Ind.Ct.App.1994), the trial court entered a final order in connection with a dissolution decree on August 3, 1992. Wife filed a motion to correct error addressing this decree on August 19, 1992. The trial court then set a hearing date of either September 10 or 11, 1992. However, for reasons unknown, the hearing did not take place on either of these dates. Thereafter, on Feb-

---

4. However, pursuant to the decision of our Supreme Court in *Cavinder Elevators, Inc. v. Hall,* 726 N.E.2d 285, 289 (Ind.2000), the belated grant of a motion to correct error is not necessarily a nullity but rather is voidable subject to a timely appeal under Ind.Trial Rule 59(F) and former Ind. Appellate Rule 4(A).

ruary 1, 1993, almost five months later, Wife requested that the hearing be reset. Following a hearing on February 23, 1993, the trial court granted Wife's motion to correct error. Husband appealed, contending that because the trial court failed to hold a hearing within forty-five days of original filing, the motion should have been deemed denied. This court concluded that T.R. 53.3 requires only that the hearing be set within forty-five days, not that the hearing be held within that time. *Id.* at 511. The court further noted that T.R. 53.3 "recognizes that circumstances such as schedule conflicts and court calendar congestion can often unavoidably delay hearings." *Id.* While the *Kovacik* court did not specifically address Wife's request to reset the hearing that was never held, it impliedly held that the rescheduling was permissible and that only the *initial* setting had to be completed within forty-five days. There was no indication that the hearing had to be rescheduled within forty-five days of the date it was originally set. In fact, under the facts of *Kovacik*, such a ruling would have been fatal to Wife's appeal, as she did not even request the hearing to be rescheduled until almost five months had passed since the originally scheduled hearing date.

Thus, *Kovacik* seems to allow for a seemingly indefinite period of time to elapse before a hearing on a motion to correct error need be rescheduled, so long as the original hearing was set within forty-five days after the motion was filed.[5] Although I believe that the record here

indicates that the hearing on Michael's motion to correct error was continued until October 17, I agree with the majority that there is no indication in the record that Michael's motion to correct error was actually heard on that date. However, if no hearing was held, *Kovacik* would stand for the proposition that Linda's praecipe is, if anything, early. For without a hearing on Michael's motion to correct error, there is no time limit within which the trial court must issue a ruling or have the motion be deemed denied.

In *Breeze v. Breeze,* 421 N.E.2d 647, 650 (Ind.1981), our Supreme Court held that a praecipe which is filed prior to a ruling on a second motion to correct error "will count as if filed from the date of the ruling on the second motion to correct error." Thus, had the trial court held a hearing and issued a ruling (or the motion was deemed denied) after the filing of Linda's praecipe, Linda's praecipe would count as if it were filed from that date. However, here it appears that there has yet to be a hearing, and therefore, there is yet no ruling from which Linda can appeal. Where, as here, a second motion to correct error is timely filed, "the trial court must make a ruling on this second motion to correct error. All time periods for the purpose of the appellate rules will then start from the time of the trial court's ruling on the second motion to correct error."[6] *Id.*

Therefore, though I agree with the majority that Linda's appeal must be dis-

---

**5.** Were I writing upon a clean slate, I might agree with the majority and set a definite time limit upon when a motion to correct error must be rescheduled. Such a rule would provide a bright line for parties and trial courts to follow. However, I cannot reconcile such a rule with the holding in *Kovacik.* Also, the holding of our Supreme Court in *Cavinder Elevators Inc., supra,* suggests an inclination to avoid bright-line rules such as that proposed by the majority. *See* 726 N.E.2d at 289.

**6.** I find no significance as to whether the second motion to correct errors is filed by the same party who filed the first motion or is filed by the party who opposed the first motion but lost.

missed, I believe it should be dismissed because her praecipe was filed early. If the trial court does eventually hold a hearing on Michael's motion to correct error, it would have thirty days to issue a ruling, or have the motion be deemed denied; if this happens, Linda's praecipe should then be treated as if it were filed on the date of the ruling or the date the motion was deemed denied.